**UNITED STATES ex rel. Ada SUMRELL**

v.

**Janet S. YORK, Superintendent, Connecticut State Farm for Women.**

**Civ. No. 12659.**

United States District Court
D. Connecticut.

July 31, 1968.

James A. Trowbridge, Bridgeport, Conn., for petitioner.

Donald A. Browne, Bridgeport, Conn., Otto Saur, State's Atty. for Fairfield County, for respondent.

## RULING ON PETITION FOR A WRIT OF HABEAS CORPUS

CLARIE, District Judge.

The petitioner, Ada Sumrell, is a state prisoner presently confined at the Connecticut State Farm for Women, in Niantic. She seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and permission to proceed in forma pauperis, 28 U.S.C. § 1915. Her sole claim is that the statute under which she was sentenced, Connecticut General Statutes, § 17–360 [1], violates the equal protection clause of the Fourteenth Amendment to the United States Constitution in that it allows women to be imprisoned for long-

---

[1]. Section 17–360, in effect at the time petitioner was sentenced, read in pertinent part as follows:

"Women over sixteen years of age belonging to any of the following classes may be committed by any court of criminal jurisdiction to (the Connecticut State Farm for Women): * * * second, persons convicted of, or who plead guilty to, the commission of misdemeanors, * * *; fourth, women sentenced to jails. * * * The court imposing a sentence on offenders of any class shall not fix the term of such commitment. * * * The duration of such commitment, including the time spent on parole, shall not exceed three years, except when the maximum term specified by law for the crime for which the offender was sentenced exceeds that period, in which event such maximum term shall be the limit of detention, under the provisions of this chapter, * * *."

er periods of time than men convicted of identical offenses.

The petitioner was convicted on September 22, 1964 of violating a Bridgeport City ordinance against loitering and was sentenced to an indefinite term in the State Farm. She was released on parole and was thereafter arrested on a charge of aggravated assault; Conn. Gen.Stat. (Rev.1958) § 53–16. After having pleaded not guilty to this charge in the Superior Court for Fairfield County, a substituted information was filed charging her with breach of peace, Conn.Gen.Stat. (Rev.1958) § 53–174, an offense punishable by not more than one year in jail, a fine of up to five hundred dollars, or both. She pleaded guilty to this latter charge and was sentenced to the State Farm for an indefinite term to run concurrently with the prior term. It is this sentence which is the basis of her present incarceration and gives rise to this petition.

## I. EXHAUSTION:

Respondent claims that this Court is without jurisdiction, because the petitioner has failed to exhaust her state remedies. She is represented by an attorney associated with the Bridgeport Legal Services Committee, Inc., an office sponsored by the Federal Office of Economic Opportunity. On May 23, 1968, this same attorney attempted to file separate petitions for a writ of habeas corpus in the Court of Common Pleas and Superior Court for New London County. These were both rejected by the clerks of the respective courts, because they were not accompanied by the required entry fees. While affidavits establishing the petitioner's indigency were filed with said petitions, under the rule of the state courts the entry fee can be waived only where the individual is represented by the Public Defender or a Special Public Defender appointed by the Court. (Petitioner's Exhibit C).

It is the rule in this District that when an indigent state prisoner tenders a petition for a writ of habeas corpus which is rejected, because of her inability to pay the entry fee, the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisified. United States ex rel. Robinson v. York, 281 F. Supp. 8 (D.Conn. Feb. 28, 1968); United States ex rel. Rush v. York, 281 F. Supp. 779 (D.Conn. Nov. 28, 1967), 42 Conn.B.J. 74. That rule is adhered to.

## II. DENIAL OF EQUAL PROTECTION:

In United States ex rel. Robinson v. York, supra, the Court held that it is constitutionally impermissible for the state to imprison adult women for longer terms than adult men under similar circumstances, who are convicted of the same substantive offense. That case differs from the case at bar in two respects: the petitioner in that case was more than twenty-one years of age when sentenced, and her commitment was ordered by the State Circuit Court. These differences are relevant in that they require a consideration of statutes other than those involved in *Robinson*. Section 17–389 of the Connecticut General Statutes (Rev.1958, 1966 Supp.) provides for the commitment of males between the ages of sixteen and twenty-one years of age to the reformatory under certain conditions. Section 17–390 provides in pertinent part:

> "An offender sentenced to the reformatory for an offense for which the maximum punishment is a sentence to a jail, with or without a fine, may be retained in the reformatory not more than two years."

It appears from a reading of this section that a minor male who is convicted in the Superior Court of a breach of the peace, an offense for which the maximum punishment is a sentence in jail and a fine, may be committed to the reformatory for a maximum of two years. Under § 17–360, a minor female convicted of the same offense must be sentenced for an indefinite period of up to three years. The state has pointed to no rational basis for this difference in treatment between minor males and mi-

nor females, either with respect to the rehabilitative or the deterrent aspects of incarceration.

"A classification by sex alone would not, per se, offend the Equal Protection Clause of the United States Constitution. For example, there are undoubtedly significant biological, natural and practical differences between men and women which would justify, under certain circumstances, the establishment of different employment qualification standards. * * * We are convinced, however, that the considerations and factors which would justify a difference between men and women in matters of employment, as well as in a number of other matters, do not govern or justify the imposition of a longer or greater sentence on women than is imposed upon men for the commission of the same crime." Commonwealth v. Daniels, (Penn.Sup. Ct.), 243 A.2d 400 (7/30/68).

■ The Court holds, therefore, that the imposition of an indefinite sentence on this petitioner pursuant to the provisions of § 17–360 constitutes the type of arbitrary and invidious discrimination which the Equal Protection Clause of the XIV Amendment to the Federal Constitution is designed to guard against. United States ex rel. Robinson v. York, supra.

The state claims that under § 17–389 males can be sentenced to the reformatory for up to five years for the commission of a misdemeanor and thus females receive more favorable treatment. This section, when read in conjunction with § 17–390, must be reconciled with the over-all statutory scheme, and is not to be read as giving the Court such authority. Its purpose is only to specify those persons eligible for commitment to the reformatory, the types of sentences which may be imposed, and the maximum and minimum thereof in general.

Since the petitioner has served more than two years of the sentence for breach of the peace, (said two year term having been completed June 3, 1968) the maximum which might be constitutionally imposed.

It is ordered, that the respondent shall absolutely discharge the petitioner from custody as promptly as possible consistent with administrative regulations at the State Farm for Women. A copy of this memorandum and order shall be forwarded forthwith by the Clerk of this Court, not only to counsel of record but also to the respondent herein.

This opinion constitutes the Court's findings of fact and conclusions of law.

If an appeal from the foregoing order is desired, this will constitute a certificate of probable cause under 28 U.S.C. § 2253.