TATE, Justice.
The defendant was convicted of aggravated rape, La.R.S. 14:42 (1950), then a capital crime; but, due to the unconstitutionality of the death penalty provided by that statute, he received a prison sentence instead, State v. Jones, 332 So.2d 466 (La.1976).
Upon his appeal, he urges eight assignments of error. We find that none of them possess reversible merit and consequently affirm.
The context facts show: The defendant Frazier and another man, dressed as security guards, forced themselves into a motel room occupied by two couples. They ransacked the room and robbed the couples. The evidence further shows that both men raped both girls.
The assignments (discussed as numbered by the appellant’s brief) are without merit, for the following reasons:
Assignment 1: As filed in the district court, the assignment complains of evidence admitted as to the rape of the other girl, since the present indictment charges the accused only with the rape of one victim. Pretermitting that no objection was made to the evidence’s admission on this ground, La.C.Cr.P. art. 841, the evidence of both offenses was admissible as part of the res gestae. La.R.S. 15:447. See La.R.S. 15:448: “To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.”
Assignment 2: For similar reasons, there is no merit to the defendant’s objection to the jury’s learning of the portion of his confession in which he was informed by the police that he was under arrest for the rapes of both girls.
Assignment 3: We are unable to find error in the trial court’s finding that the accused’s confession was voluntarily made, without inducement or coercion, after informed waiver of Miranda rights to have an attorney.
The accused points out that, initially, upon being informed of his Miranda rights, the accused stated he would retain an attorney. Questioning was immediately stopped, and the accused was returned to his cell.
About six hours later, he sent for the detectives and told them he had been thinking about the subject and wanted to make a statement. During the interval, the accused had not made any effort to retain an attorney or to request the appointment of one (to which, he had been informed, he was entitled). His Miranda rights were again explained, and he executed a form to this effect before questioning resumed and a confession was secured.
The trial court ruling which admitted the confession was proper under the circumstances. The law is well settled to the effect that a defendant may change his mind and give a voluntary confession after initially asserting one of his Miranda rights. State v. Guillory, La., 340 So.2d 568 (1976); State v. Stewart, La., 325 So.2d 819 (1976); Michigan v. Mosely, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1974). There is no showing that the confession was involuntary.
Assignments 4 and 5: The defendant complains that he was not permitted to cross-examine the investigating detectives as to statements initially made to them by the victim. The statements were not within the res gestae exception to the hearsay rule, since they were rather the subsequent “words of the participant when narrating the events”, La.R.S. 15:447, in the course of a police investigation. Nor did they constitute proper impeachment of the victim’s testimony, since no proper prior foundation was made (i. e., by questioning the victim herself as to any alleged discrepancy). La. R.S. 15:493.
Assignment 6: The defense objected to a question as leading; it was then withdrawn. Subsequently, further questioning *524 clarified that the victim did see both men who had intercourse with her. Then, the victim was again asked, in summary or repetition: “Did you see this man have intercourse with you?” Over defense objection that the question was leading, the victim was permitted to reply in the affirmative. Even if leading as contended (which we doubt), neither the question nor the answer caused prejudice under the circumstances.
Assignment 7: There was some evidence that the defendant had raped (penetrated) the victim. We are unable to review the sufficiency of the evidence, insofar as this assignment questions the trial court’s denial of a motion for a directed verdict.
Assignment 8: Since the appeal has been lodged, the state has filed in the record, and has furnished the accused, a copy of a polygraph examination, in accordance with a pre-trial agreement. The polygraph examination shows results unfavorable to the defendant’s contention of innocence. The defendant’s allegation that the state withheld information favorable to the defense is thus without merit.
Decree '
Accordingly, we affirm the conviction and sentence.
AFFIRMED.