SUMMERS, Chief Justice.
Ira Hollins and Clyde Burns were indicted by a Vernon Parish grand jury in two counts for enticing minors into prostitution. La.Rev.Stat. 14:86. After trial in March 1978 verdicts of guilty on both counts were returned. Burns was sentenced to twenty years at hard labor (two consecutive sentences of ten years, the maximum on each count). Hollins was sentenced to fifteen years at hard labor (consecutive sentences of ten and five years), a lesser sentence than that imposed on defendant Bums because the judge expressed his opinion that the scheme originated with Burns. Defendants now appeal contending that their convictions and sentences should be reversed on the basis of three assignments of error.
Assignments 1 and 2 are based upon the contention that it was error to deny the defense motion to quash the indictment and *923 the motion in arrest of judgment. Both motions are based on the ground that the statute under which defendants were prosecuted contains an unconstitutional sex-based classification.
At the time of the offense in January 1978, the statute provided:
“Enticing minors into prostitution is committed when anyone over the age of seventeen entices, places, persuades, encourages, or causes the entrance of any female under the age of twenty-one into the practice of prostitution, either by force, threats, promises, or by any other device or scheme. Lack of knowledge of the female’s age shall not be a defense.
“Whoever commits the crime of enticing minors into prostitution shall be imprisoned at hard labor for not more than ten years.” La.Rev.Stat. 14:86.
Defendants argue that the failure to include males as the possible “victims” of the crime was an irrational choice on the part of the legislature and for that reason the statute must fall. Before this argument can be reached, it is necessary to determine whether defendants have standing to challenge the classification. Only an inversion of the doctrinal approach to jus tertii may conceivably grant defendants the standing to attack the classification and assert the equal protection rights of minor males, the class unprotected by statute. In making the decision to relax traditional standing rules, the courts have generally considered three factors: 1) the presence of a substantial relationship between the claimant of the privilege and the third parties sought to be protected; 2) the impotence of the third parties in asserting their rights; and 3) the risk that the rights of the third parties would suffer irreparable damage unless the claimant were allowed to assert those rights. Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); Note, “Standing to Assert Constitutional Jus Ter-tii”, 88 Harv.L.Rev. 423 (1974).
In the case at bar defendants are over twenty-one years of age and therefore bear no relationship to unprotected minor males other than as potential panderers. Failure to allow defendants to assert the equal protection rights of this class would result in no harm, as the legislature has heretofore amended the statute in question.[1] Therefore defendants lack the requisite standing to assert the invalidity of the classification.
There are, moreover, decisions of this Court which hold that the legislative determination that only females are potential “victims” of prostitution and rape has a rational basis because of the social implications. On the other hand, male prostitution and males as victims of rape present no social problem. State v. Fletcher, 341 So.2d 340 (La.1976); State v. Devall, 302 So.2d 909 (La.1974). The rationale is applicable here. Enticing minor males into prostitution does not present a social problem, whereas the enticement of minor females does.
By Assignment 3 defendants urge that it was error to deny their motion for a new trial, based on the ground that there was no evidence that defendants enticed the two young girls “into” prostitution; that is, that the girls were already engaged in prostitution when they first met defendants.
This Court’s review on appeal is limited to whether there was at trial some evidence of the essential elements of the crime charged. The Court may not question the sufficiency of the evidence. State v. Valentine, 364 So.2d 595 (La.1978); State v. Sandifer, 359 So.2d 990 (La.1978); State v. Frazier, 357 So.2d 522 (La.1978).
Although defense counsel correctly points out that one of the girls admitted to having engaged in prostitution before the January 16, 1978 date mentioned in the indictment, she also testified that her first experience in prostitution had come several weeks before at defendants’ urging.
Friends of the other girl victim testified that they suspected she was involved in *924 prostitution before she met defendant on January 16, 1978. However, the victim took the stand and testified that she first engaged in prostitution after defendants offered her clothes and a place to stay in return for her working for them. There is, therefore, “some evidence” that defendants first lured the girls into prostitution.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, CALOGERO and DENNIS, JJ., concur.

. Act 434 of 1978 makes enticing “any person” under the age of twenty-one into prostitution a crime.