377 So.2d 303 (1979)
STATE of Louisiana
v.
Jeffrey Wayne BELL.
STATE of Louisiana
v.
Felton ROBERTS.
Nos. 64574, 65227.
Supreme Court of Louisiana.
November 12, 1979.
*304 Thomas A. Wilson, Sr., Wilson & Veatch, Shreveport, for defendant-relator, Jeffrey Wayne Bell, No. 64574.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Sonia D. Peters, Asst. Dist. Atty., for plaintiff-respondent in No. 64574.
Preston N. Aucoin, Villa Platte, for defendant-appellee in No. 65227.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., A. Bruce Rozas, Asst. Dist. Atty., for plaintiff-appellant in No. 65227.
LANDRY, Justice Ad Hoc.
These consolidated cases involve constitutional attack on L.S.A.-R.S. 14:80, commonly known as the Louisiana carnal knowledge of a juvenile law, on ground that the statute sanctions sex discrimination proscribed by La.Const.1974, Article 1, Section 3, and also violates the equal protection clauses of La.Const.1974, Article 1, Section 3, and the fourteenth amendment to the United States Constitution.
In Bell, defendant's motion to quash a bill of information charging violation of subject statute, was denied in the trial court finding that the statute meets the constitutional challenge. We granted certiorari to review this determination. In Roberts, defendant's motion to quash a bill of information charging violation of subject statute was sustained and the State has appealed. Because the cases produced opposite holdings on the same issue, they have been consolidated for disposition by this court.
L.S.A.-R.S. 14:80, as amended by Acts 539 of 1977 and 757 of 1978, now provides:
"§ 80. Carnal knowledge of a juvenile Carnal knowledge of a juvenile is committed when:
(1) A male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons; or
(2) A person over the age of seventeen has anal or oral sexual intercourse, with *305 consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.
Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years."
Prior to the aforesaid recent amendments, subject statute pertinently stated:
"§ 80. Carnal knowledge of a juvenile Carnal knowledge of a juvenile is committed when anyone over the age of seventeen has sexual intercourse, with her consent, with any unmarried female person of the age of twelve years or over, but under the age of seventeen years. Lack of knowledge of the female's age shall not be a defense. Emission is not necessary; any sexual penetration, however slight, is sufficient to complete the crime.
Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than five years."
Defendant Bell maintains that the trial court erred in failing to find that the statute arbitrarily, capriciously and unreasonably discriminates against males because it provides that only males can be offenders and only females can be victims of the conduct proscribed therein. The State contends the sex discrimination involved meets the constitutional test of legitimate class differentiation.
La.Const.1974, Article 1, Section 3, states:
"§ 3. Right to Individual Dignity
Section 3. No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."
It readily appears that Article 1, Section 3, above, proscribes both discrimination on account of sex and denial of equal protection of the laws to the citizens of this state. The fourteenth amendment to the United States Constitution guarantees all the fundamental right of equal protection of the laws.
Notwithstanding the equal protection clauses of the Federal and state constitutions, a statute may create classes for which different treatment is prescribed, provided equal protection requirements are satisfied. City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).
In dealing with equal protection challenges to constitutionality, the Supreme Court of the United States has traditionally employed the rule of strict scrutiny in the so called "suspect classes" such as race, franchise and violation or infringement of fundamental constitutional rights. In such instances, the rule is that to survive strict scrutiny, the statute must further a compelling state interest and be drawn in the least restrictive manner possible. Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954).
On the other hand, "mere rationality" is the test applied in cases involving classes not embraced within the "suspect" categories. In these instances, equal protection requirements are deemed fulfilled if a rational basis is found for opting a particular means of achieving or promoting a legitimate state end, such as economic regulation. City of New Orleans v. Dukes, above.
In dealing with classification predicated on gender, although such classification was not found to be inherently suspect, the United States Supreme Court has decreed that the statute must meet a higher standard than rationality of economic regulation. *306 We refer to Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976) which involved an Oklahoma statute prohibiting sale of non-intoxicating 3.2 beer to males below age 21, but which also allowed sale of the same beverage to females 18 years of age or older. Although the statute was stricken because an insufficient showing was made to support a class distinction for regulating drinking, the court found, nevertheless, that such statutes may withstand the equal protection examination if the gender classification serves important governmental objectives and is substantially related to achievement of those ends. See also Califano v. Webster, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977); Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979).
Similar attacks on carnal knowledge of juvenile statutes and statutory rape statutes of other jurisdictions have resulted in only one instance in which laws have been held invalid for sex discrimination, namely, Meloon v. Helgemoe, 436 F.Supp. 528 (D.C.), affirmed 564 F.2d 602, 1st Cir. 1977, cert. den. 436 U.S. 950, 98 S.Ct. 2858, 56 L.Ed.2d 793 (1978), which involved New Hampshire's statutory rape law.
Numerous other jurisdictions, however, have rejected the Meloon rule, which, inter alia, rejected the principle that the state's interest in preventing pregnancy among young females was not a valid state objective. In State v. Brothers, Del.Super., 384 A.2d 402 (1978) the court expressly declined to follow Meloon's rejection of the concept that prevention of pregnancy in young females was not a legitimate state interest.
State v. Thompson, 162 N.J.Super. 302, 392 A.2d 678 (1978) sustained the validity of a New Jersey statute providing that only males could commit the offense of carnal knowledge of a juvenile, even though the statute did not require penetration as an essential element of the offense.
In State v. Rundlett, Me., 391 A.2d 815 (1978), Maine's Supreme Court found that Maine's gender based statutory rape law served an important governmental objective, was substantially related to the objective sought to be attained and was therefore, valid.
The rationale of Brothers, Thompson and Rundlett, is that the state has a valid interest and objective in deterring male intercourse with young females because of the inherent danger of pregnancy to the female, which danger does not exist in those instances where the male is victim of a similar offense. The decisions also recognize and point to the greater possibility of harm to the young female resulting from penetration of the vagina by the male sex organ. We add that common judgment recognizes the possibility of lingering mental damage and neurosis is far more likely to occur in the case of a female victim than in that of a male victim.
We find the reasoning of those jurisdictions which have upheld the validity of similar statutes, to be sound. We share the view that protection of young females from pregnancy, from possible injury to their reproductive systems as well as the possibility of lingering mental impairment, is a legitimate area of state concern justifying the sex classification involved in subject statute.
In recent decisions we have considered gender-classed sex offense statutes and upheld their validity against the charge of discrimination and denial of equal protection of the law constitutional guarantees. In State v. Hollins, 375 So.2d 922, (La.1979) we upheld La.R.S. 14:86 which dealt with the offense of enticing minors into prostitution. In State v. Fletcher, 341 So.2d 340 (La.1976), the Louisiana aggravated rape statute was held to be non-discriminatory against males even though females could not be prosecuted for rape. In State v. Devall, 302 So.2d 909 (La.1974), we sustained validity of a statute providing that only females could be prosecuted for prostitution.
Appellant Bell points to recent revisions in L.S.A.-R.S. 14:86 as amended by Act 434 of 1978, which now provides that females may be guilty of enticing minors into prostitution. Said appellant also notes revision *307 of L.S.A.-R.S. 14:42, which currently provides that females may be guilty of aggravated rape, as amended by Act 239 of 1979. Finally, said appellant notes L.S.A.-R.S. 14:82, as amended by Act 49 of 1977, pursuant to which males may be prosecuted for prostitution. It is Bell's contention that these recent statutory amendments indicate legislative intent to terminate all sex differentiation and discrimination in sex offense statutes.
We find no merit in the foregoing contention. We note that L.S.A.-R.S. 14:80(1) as recently amended, makes it an offense only for a male to have intercourse with a female within the designated juvenile bracket. It is significant that L.S.A.-R.S. 14:80(2), now makes it an offense for a female as well as a male to have anal or oral intercourse with a male or female victim within the designated age bracket. It appears obvious that the legislature has carefully considered the difference between natural intercourse by an adult male with a young female and unnatural (anal or oral) intercourse by an adult male or female with a juvenile male or female victim. It is evident that the unnatural intercourse proscribed in paragraph (2), above, does not involve the danger of pregnancy of the female victim or danger of harm to the reproductive organs of either the male or female victim. In amending 14:80, above, the legislature had the benefit of our prior decisions in the area. Had the legislature intended to abolish the gender based classification of L.S.A.-R.S. 14:80(1) it could have easily done so at the same time it eliminated such classification from paragraph (2). We can conclude only that the legislature found an underlying compelling concern for the welfare of the state's young female citizens sufficient to justify the general classification continued in L.S.A.-R.S. 14:80(1).
Defendants make the final argument that equal protection mandates equal treatment. In support of this contention they rely upon Sumrell v. York, 288 F.Supp. 955 (Dist.Conn.1968); Commonwealth v. Daniel, 430 Pa. 642, 243 A.2d 400 (1968); Commonwealth v. Stauffer, 214 Pa.Super. 113, 251 A.2d 718 (1969). We find these cases factually inapposite. In Sumrell, above and Daniel, above, statutes were declared invalid because they imposed different penalties on males and females for the same offense. In Stauffer, above, the statute provided a penalty of confinement in the county jail. The sentencing of a female to penitentiary imprisonment was held to violate equal protection guarantees.
The judgment rendered in State v. Bell, Number 64,574, is affirmed and this matter remanded to the trial court for further proceedings consistent with the views herein expressed.
In State v. Roberts, Number 65,227, the judgment of the trial court quashing the bill of information charging defendant with carnal knowledge of a juvenile, is reversed and set aside and this matter remanded to the trial court for further proceedings consistent with the views herein expressed.
CALOGERO, J., concurs, agreeing with the majority that R.S. 14:80 violates neither the Louisiana Constitution's equal protection clause, nor the Fourteenth Amendment to the United States Constitution.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I agree with the majority that protection of young females from pregnancy, from possible injury to their reproductive systems, and from the possibility of lingering mental impairment is a legitimate area of state concern justifying the sex classification involved in La.R.S. 14:80. However, I disagree with the statement of the majority that La.Const. art. 1, § 3 proscribes discrimination on account of sex to the citizens of this state. Discrimination on account of sex is not so proscribed. The third sentence of section 3 states: "No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations." (Emphasis added.) This sentence delineates the limitation on *308 the power of the state to discriminate by law against persons of specified classes, including members of either sex. The limitation imposed does not absolutely preclude the legislature from defining the range of persons affected by legislation according to the various classes listed in the section; rather, it proscribes arbitrary, capricious, or unreasonable definition of those affected according to classes. If the discrimination that results from the legislative classification is found to be within reason, the statute does not violate this constitutional provision. Accordingly, I respectfully concur.
CALOGERO, Justice, concurring.
I agree with the majority that R.S. 14:80 violates neither the Louisiana Constitution's equal protection clause (Article 1, § 3) nor the Fourteenth Amendment to the United States Constitution.