PLOTKIN, Judge.
Defendant, Atwood Nelson, was charged by bill of information with receiving stolen property valued between one hundred and five hundred dollars in violation of LSA-R. S. 14:69. After a jury trial on February 26, 1987, defendant was found guilty as charged. At the sentencing hearing, the court found defendant to be a second offender and sentenced him to serve two years at hard labor. The defendant was further ordered to pay court costs of thirty dollars or to serve an additional thirty days in parish prison. Defendant appeals and presents two assignments of error.
On August 15, 1985, Police Officers Dale Haydel and Gary Washington were driving in the 1700 block of Orleans Avenue when they saw an orange Pontiac Sunbird with an expired license plate on which the numbers were too low for the model of the car. Moreover, the trunk lock was broken. Suspecting that the car was stolen, Officer Haydel signalled it to pull over. The driver of the Pontiac stopped then, but as the officers walked toward the car, the driver suddenly accelerated and sped away. The officers gave chase until the driver stopped in the Lafitte Housing Project and fled on foot, leaving the auto and a female passenger. The canine unit and other officers were called to aid in the search for defendant and he was discovered by the canine unit and placed under arrest.
At trial Charles Konneker testified that he owned a 1975 Pontiac Sunbird which was stolen August 15, 1985, and that he reported the incident that day. The defendant testified that a friend loaned him the car and that he did not know the car was stolen.
In his first assignment of error, defendant argues that the trial court erred in sustaining a state objection and thereby depriving him of the right to present a defense.
Defendant claims that his passenger, Dedra Taylor, said something to him as he stopped the Pontiac in response to the signal from the police car. He maintains that her words caused him to flee. The transcript from the trial reveals the following:
Q. Let me take you back. You were in the car with Ms. Taylor when they tried to pull you over?
*1172 A. I pulled over to the right-hand side.
Q. That’s on Orleans Avenue?
A. Yes, sir.
Q. What happened, then?
A. When the officer got out the car they was approaching the car and at that time Ms. Taylor told me, she say—
MR. DEEGAN [Assistant District Attorney]: Objection, hearsay.
THE COURT: That’s right, hearsay.
EXAMINATION BY MR. HYMAN [Attorney for defendant]:
Q. Did you learn anything from Ms. Taylor?
THE COURT: No, no, we don’t do it sideways.
EXAMINATION BY MR. HYMAN:
Q. Based on whatever you learned from Ms. Taylor, what did you do?
A. I panicked and pulled off.
The defendant argues that the State’s objection of hearsay should not have been sustained because the statement was intended to show the defendant’s state of mind not the truth of the matter asserted. The defense attorney, however, did not make a contemporaneous objection and argue that the statement was being offered under the state of mind exception to the hearsay rule. The Supreme Court considered a very similar situation in State v. Klein, 351 So.2d 1158, 1160 (La.1977), a case in which the state objected to a hearsay statement by a witness and defense counsel did not argue the point; the court declared:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. The party aggrieved should, at the time the ruling is made, make known to the court his objections and the grounds therefor. La.Code Crim.Pro. art. 841.
Thus, defendant’s assignment of error is meritless because it may not be raised for the first time on appeal. The conviction is affirmed.
Defendant's second assignment of error is that the trial court erred in sentencing the indigent defendant to serve additional time in jail if he defaulted on payment of court costs. The record reveals that at all times defendant was represented by the public defender’s office. This representation is deemed sufficient proof of a defendant’s indigency. The U.S. Supreme Court has held that requiring an indigent to serve time in jail if he cannot pay a fine violates federal and state equal protection guarantees. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). We find that that portion of defendant’s sentence imposed in default of payment must be vacated but the sentence is affirmed in all other respects.
Accordingly, we affirm the conviction of the defendant and vacate that part of the sentence mandated by defendant’s failure to pay court costs.
AFFIRMED IN PART and VACATED IN PART.