WATSON, Justice.
A bill of information charged that defendant, Ron Dale Miles, was guilty of indecent behavior with a juvenile in violation of LSA-R.S. 14:81.[1] The statute applies to offenders “over the age of seventeen,” and Miles was seventeen years and eleven months old at the time of the offense. Miles filed a motion to quash, claiming that the phrase “over the age of seventeen” is unconstitutionally vague. The trial court sustained the motion to quash. The state’s writ application is being treated as an appeal from a declaration of unconstitutionality. LSA-Const. art. 5, § 5(D).[2]
Louisiana’s criminal law distinguishes between children, meaning persons who have not attained seventeen years of age, C.J.P. art. 13(9),[3] and adults, persons seventeen years of age or older. C.J.P. art. 13(10).[4] This is in accord with the constitutional mandate of Art. 5, § 19, which states, in pertinent part, that: “The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures which shall be provided by law.” Adult criminal responsibility attaches at the age of seventeen. State v. Edwards, 406 So.2d 1331 (La.1981). The *1376 statutory line of demarcation between children, who are under the age of seventeen, and adults, who are over the age of seventeen, is readily understandable and gives no reasonable doubt about the meaning of the phrase “over the age of seventeen.”
Age is the length of time a person has lived. For prosecution under a criminal statute, one must be “the age specified or older.” State v. Fries, 246 Wis. 521, 17 N.W.2d 578, 579 (1945). After one reaches the age of seventeen, one is “over the age of seventeen.”[5]
Since the ordinary person would have no reasonable doubt that a person over the age of seventeen is a person who is seventeen or older, the statute is not unconstitutionally vague. State v. Le Blanc, 213 La. 404, 34 So.2d 905 (1948); State v. Saibold, 213 La. 415, 34 So.2d 909 (1948). Saibold described the argument made here as “absurd.” 34 So.2d 911. See State v. Tucker, 354 So.2d 1327 (La.1978). The trial court erred in granting defendant’s motion to quash. For the foregoing reasons, the judgment of the trial court is reversed and vacated and the case is remanded for further proceedings according to law.
REVERSED AND REMANDED.

.LSA-R.S. 14:81 states:
A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child’s age shall not be a defense.
B. The trial judge shall have the authority to issue any necessary orders to protect the safety of the child during the pendency of the criminal action and beyond its conclusion.
C. Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than seven years, or both.

. LSA-Const. art. 5, § 5(D) states:
In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional....

. C.J.P. art. 13(9) states:
"Child" means a person who has not attained seventeen years of age.

. C.J.P. art. 13(10) states:
“Adult” means a person seventeen years of age or older, except as otherwise provided by law.

. The phrase has the imprimatur of history. See Dunn v. State, 45 Ohio St. 249, 12 N.E. 826 (1887), which reversed a criminal conviction under a statute with the same words on other grounds.