609 So.2d 984 (1992)
STATE of Louisiana
v.
Raymond VINING.
No. 91-KA-2749.
Court of Appeal of Louisiana, Fourth Circuit.
November 24, 1992.
Writ Denied March 12, 1993.
*985 Harry F. Connick, Dist. Atty., Valerie Welz, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before BARRY, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant, Raymond Vining, was indicted by bill of information charging him with carnal knowledge of a juvenile, a violation of La.R.S. 14:80(A)(1). Defendant pled not guilty and filed a motion to quash the indictment, which the trial court denied. Defendant then withdrew his former plea of not guilty, and entered a plea of guilty under State v. Crosby, 338 So.2d 584 (La. 1976). The court sentenced defendant to serve five years at hard labor with credit for time served, and to pay court costs of $161.50 or to serve thirty days in jail in default of payment.[1] Defendant now appeals his conviction.

ERRORS PATENT:
A review of the record for errors patent reveals one which is designated as assignment of error number two, and addressed below. No other errors patent were found.

ASSIGNMENT OF ERROR NO. 1:
Defendant alleges that the statute under which he pled guilty is unconstitutional, and that the trial judge should have granted his motion to quash the bill of information. The statute that the defendant pled guilty to is R.S. 14:80(A)(1), which reads as follows:
(A). Carnal knowledge of a juvenile is committed when: (1) A male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
Defendant claims that this statute is unconstitutional because it excludes females and, therefore, discriminates on the basis of sex and violates the equal protection clauses of the United States and Louisiana Constitutions. This claim has been addressed by the Louisiana Supreme Court in State v. Bell, 377 So.2d 303 (La.1979).
In Bell, the Court held that the protection of young females from pregnancy, and from possible injury to their reproductive systems as well as lingering mental impairment, is a legitimate area of state concern justifying the gender classification involved in the statute. Bell, 377 So.2d at 306. As such, the gender classification in the statute does not violate the Equal Protection *986 Clauses in the Constitutions of the United States or Louisiana.
Defendant argues that the reasoning behind Bell is outdated. He argues that males could also develop lingering mental impairment, and that because of the spread of AIDS, it is incumbent upon our society to protect both males and females. The defendant further states that there is no rational reason for not punishing females for the same behavior as males.
Although some aspects of society have changed in recent years, the test for determining the constitutionality of a gender based statute remains the same. That test is whether the gender classification serves important governmental objectives and is substantially related to achievement of those ends. In this case, the statute recognizes the inherent danger of pregnancy, the greater possibility of harm to the female genitalia, and the risk of lingering mental damage and neurosis to the female. These objectives continue to exist today. Since the objectives of the statute, and the standard by which to judge them, remain the same, we find no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 2:
Defendant claims that the trial judge erred in sentencing him to pay court costs of $161.50 and to thirty days in jail in default of payment. The State concurs in this position.
This court has long held unconstitutional that portion of an indigent defendant's sentence imposing time in jail if he cannot pay a fine or court costs. State v. Ellzey, 496 So.2d 1090 (La.App.1986); State v. Berryhill, 562 So.2d 1105 (La.App. 4th Cir.1990). Defendant was represented by a public defender at trial, which is sufficient proof of his indigent status. State v. Nelson, 531 So.2d 1171 (La.App. 4th Cir.1988). Consequently, this court will amend the sentence by deleting the portion which requires time in jail in default of payment, and affirm the sentence as amended.
For the foregoing reasons, we affirm defendant's conviction, amend the sentence by deleting that portion which requires time in jail in lieu of payment of court costs, and affirm the sentence as amended.
CONVICTION AFFIRMED; SENTENCE AMENDED; AFFIRMED AS AMENDED.
NOTES
[1] After defendant's conviction, the State filed a habitual offender bill of information. The court found that the State did not sustain its burden of proof and found defendant not a habitual offender.