663 So.2d 107 (1995)
STATE of Louisiana
v.
Lucas Shane MILLER, Defendant-Appellant.
No. CR95-77.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1995.
Richard Phillip Ieyoub, Baton Rouge, Morgan J. Goudeau III, Opelousas, David Michael Miller, Gary C. Tromblay, Houma, for State of Louisiana.
Jack Derrick Miller, Crowley, for Lucas Shane Miller.
Before KNOLL, SULLIVAN, and BROUILLETTE[*], Judges.
*108 KNOLL, Judge.
Defendant, Lucas Shane Miller, was charged by grand jury indictment with carnal knowledge of a juvenile, a violation of La.R.S. 14:80(A)(1). Defendant pleaded not guilty and moved to quash the indictment on the grounds of the unconstitutionality of the statute. After a hearing, the district court denied the motion. Defendant thereafter reached a plea agreement with the State, withdrew his former plea, and entered a plea of guilty under State v. Crosby, 338 So.2d 584 (La.1976). Pursuant to the terms of the agreement, defendant's sentence of five years at hard labor was suspended, and he was placed on five years active supervised probation, with conditions. Defendant now brings this appeal, and we affirm.
La.R.S. 14:80(A)(1) defines the crime of carnal knowledge of a juvenile as follows:
"A. Carnal knowledge of a juvenile is committed when:
(1) A male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons ..."
Defendant contends that the district court erred in denying his motion to quash because (1) he is not "over the age of seventeen"; therefore, La.R.S. 14:80(A)(1) does not apply to him; (2) if the statute does apply to him, the phrase "over the age of seventeen" is unconstitutionally vague; and (3) the statute applies only to male offenders in violation of the Equal Protection Clauses of the United States and Louisiana Constitutions. Since the first two assignments of error involve a common issue, we will address them together.

"OVER THE AGE OF SEVENTEEN"
The district court interpreted the phrase "over the age of seventeen" in La. R.S. 14:80(A)(1) to mean the same as the phrase "age seventeen or more." Miller, who was seventeen years and ten months of age at the time of the offense, contends that in order to be "over the age of seventeen," and thus to fall within the application of the statute, an offender must have reached his eighteenth birthday.
The defendant's interpretation of "over the age of seventeen" was rejected by the Louisiana Supreme Court in State v. Miles, 557 So.2d 1375 (La.1990). In Miles, the defendant was charged with the crime of indecent behavior with a juvenile, in violation of La. R.S. 14:81. Like the statute at issue in the case sub judice, La.R.S. 14:81 applies to offenders "over the age of seventeen," and at the time of the offense, Miles was seventeen years and eleven months of age. The Supreme Court held that the statute applied to Miles, stating that after a person's seventeenth birthday has passed, he is "over the age of seventeen." We agree.
In addition, Miller argues that if the statute applies to him, the phrase "over the age of seventeen" is unconstitutionally vague and does not give a reasonable person adequate notice that certain conduct is proscribed and punishable by law. This argument was also rejected by the Supreme Court in Miles:
"Louisiana's criminal law distinguishes between children, meaning persons who have not attained seventeen years of age, and adults, persons seventeen years of age or older. This is in accord with the constitutional mandate of Art. 5, § 19, which states, in pertinent part, that: `The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures which shall be provided by law.' Adult criminal responsibility attaches at the age of seventeen. The statutory line of demarcation between children, who are under the age of seventeen, and adults, who are over the age of seventeen, is readily understandable and gives no reasonable doubt about the meaning of the phrase `over the age of seventeen.'

* * * * * *
Since the ordinary person would have no reasonable doubt that a person over the age of seventeen is a person who is seventeen or older, the statute is not unconstitutionally vague. [State v.] Saibold[, 213 *109 La. 415, 34 So.2d 909 (1948)] described the argument made here as `absurd.' ..."
Id. at 1375-76 (emphasis added) (citations and footnotes omitted).
The court's analysis and reasoning in Miles is sound and is dispositive of the issues raised in the present case. Therefore, we find no merit to defendant's first and second assignments of error.

EQUAL PROTECTION
In defendant's third assignment of error, he argues that because La.R.S. 14:80 penalizes only males for the act of consensual sexual intercourse, the statute violates the Equal Protection Clauses of the United States and Louisiana Constitutions. The defendant acknowledges two prior decisions which have rejected this argument, but asks that we revisit State v. Bell, 377 So.2d 303 (La.1979) and State v. Vining, 609 So.2d 984 (La.App. 4 Cir.1992), writ denied, 613 So.2d 991 (La.1993).
In Bell, the Louisiana Supreme Court held that the gender classification of La.R.S. 14:80 was justified and did not deny a male offender equal protection of the law. The court noted that the state has a valid interest in protecting young girls from pregnancy, possible injury to their reproductive systems, and the possibility of lingering mental impairment.
Thirteen years later, the defendant in Vining contended that the reasoning behind Bell was outdated. He argued that males could also develop lingering mental impairment, that because of AIDS, it is incumbent upon our society to protect both males and females, and that there is no rational basis for not punishing females for the same behavior as males. The Fourth Circuit rejected this argument, stating:
"Although some aspects of society have changed in recent years, the test for determining the constitutionality of a gender based statute remains the same. That test is whether the gender classification serves important governmental objectives and is substantially related to achievement of those ends. In this case, [La.R.S. 14:80] recognizes the inherent danger of pregnancy, the greater possibility of harm to the female genitalia, and the risk of lingering mental damage and neurosis to the female. These objectives continue to exist today. Since the objectives of the statute, and the standard by which to judge them, remain the same, we find no merit to this assignment of error."
609 So.2d at 986.
In addition to the two Louisiana cases, we have also considered Michael M. v. Superior Court, 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981), in which the United States Supreme Court confronted the question of whether California's statutory rape law violates the Equal Protection Clause of the Fourteenth Amendment. The California statute defines unlawful sexual intercourse as "an act of sexual intercourse accomplished with a female not the wife of the perpetrator, where the female is under the age of 18 years." As in the case sub judice, the defendant in Michael M. argued that because men alone are held criminally liable for the act of sexual intercourse, the statute violates the Equal Protection Clause. In holding that it does not, the Supreme Court stated:
"The question thus boils down to whether a State may attack the problem of sexual intercourse and teenage pregnancy directly by prohibiting a male from having sexual intercourse with a minor female. We hold that such a statute is sufficiently related to the State's objectives to pass constitutional muster."
450 U.S. at 472-73, 101 S.Ct. at 1206 (emphasis added) (footnote omitted).
This line of jurisprudence persuades us that any equal protection issue raised by La.R.S. 14:80 is well settled in our law. Therefore, we are compelled to conclude that the defendant's third assignment of error is without merit.

ERRORS PATENT
Our review of the record for errors patent reveals that the district court failed to give the defendant credit for time served, as required by La.Code Crim.P. art. 880. Accordingly, defendant's sentence shall be amended to award credit for time actually *110 spent in custody, if any, prior to the imposition of sentence. La.Code Crim.P. art. 882(A). Resentencing is not required; however, we remand this case and order the district court to amend the commitment and the minute entry of sentencing to reflect that defendant is given credit for time served. State v. Bernard, 94-928 (La.App. 3 Cir. 2/1/95); 649 So.2d 1145.

DECREE
For the foregoing reasons, the judgment of the district court denying defendant's motion to quash is affirmed. This case is remanded to the district court to amend the commitment and the minute entry of sentencing to give defendant credit for time served in accordance with La.Code Crim.P. art. 880.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[*] Judge Harold J. Brouillette of the Twelfth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.