liMURRAY, Judge.
The State appeals the sentence imposed on James W. Ard, adjudicated a second felony offender following his conviction on several drug charges, alleging that the sentence is illegally lenient. Mr. Ard also has appealed, assigning three errors. We affirm the convictions, but vacate the sentence objected to by the State, modify the sentence on another count, and otherwise affirm the sentences imposed.
*1028 FACTS AND PROCEEDINGS BELOW
On January 17, 1995, New Orleans Police Officer Ed Perkins, assigned to the Special Operations Division, was working in plain clothes in the French 12Quarter. While walking in the 500 block of Bourbon Street, Kevin Young approached Officer Perkins and told him he could get him any kind of drugs he wanted including “crack, powder, marijuana.” Officer Perkins said he wanted “blow” or crack cocaine, and Mr. Young responded that it would cost “25 cent” or twenty-five dollars. The two of them proceeded across Armstrong Park to North Villere and Basin Streets. Officer Perkins gave him thirty dollars in marked money because Mr. Young told him that the dealer would not sell directly to him. Officer Perkins watched Mr. Young walk up a flight of stairs to a door protected by an iron gate at 1505 1/2 Du-maine Street. The door opened and Officer Perkins could see the interior of the apartment through a large mirror hanging on the wall. He saw James Ard, dressed in a yellow sweatshirt, take the money from Mr. Young, then walk through the living room to a bedroom. Mr. Ard then walked back into the living room and picked up a bag that was on the coffee table, took out some objects and gave them to Mr. Young. Mr. Young returned to Officer Perkins and gave him two rocks of cocaine. Mr. Young was arrested a few feet from the apartment. Officer Perkins testified that there was no doubt in his mind that he saw Mr. Ard give Mr. Young the crack cocaine to sell to him.
Officer Perkins and others obtained a search warrant and returned to the apartment. After knocking and identifying themselves as the police, they forced their way in. Upon entering the apartment, Mr. Ard was seen in the bathroom flushing the toilet; he was dressed in the same clothes Officer Perkins had seen him in earlier. No one else was found in the apartment with Mr. Ard. The marked money from Officer Perkins was found on the coffee table.
The officers brought in a drug-sniffing dog which “alerted” at a night stand in the bedroom. In the night stand, the officers discovered a film case containing |8thirty-four tablets of valium, seven tablets of vicodin, a compound which contains hydrocodone, two ■pink tablets that Officer Perkins could hot identify, a loaded handgun, a gram scale, sandwich bags, and over eight hundred dollars in cash. The officers forced open a safe in the bedroom that the dog had “alerted” to and discovered a bag of powdered cocaine. The officers also discovered a pipe and a piece of rubber commonly used to smoke crack. They confiscated rent receipts, utility bills, and mail in the names of Jeremy Hendrix, Laverne Chaney, and Margie Hendrix. Officer Perkins testified that no prescriptions or prescription bottles were found in the house.
Officer Willie Gant testified that he had followed Officer Perkins and Mr. Young on their initial trip to the house. He noticed that it had only one entrance. He stated that he stood guard at the house from the time that Mr. Young entered it until the officers returned and executed their warrant, and that no one else entered or left the building during that time.
Florence Hamilton, a defense witness who lived on Second Street, testified that Mr. Ard was a homeless man who stayed in the utility room in her backyard, or in an abandoned house next door. She testified that she had not seen Mr. Ard in her neighborhood since New Year’s 1995, but that he had called her and told her that he was in jail about a month or two before the April 1995 trial.
Mr. Ard testified that he was living in the abandoned-house next door to Ms. Hamilton at the time of his arrest. He said that the apartment in which he was arrested was that of Laverne Chaney. Mr. Ard further testified that he knew Mr. Chaney from the neighborhood, and he had asked Mr. Chaney to introduce him to a woman he had seen him with. On the day he was arrested, Mr. Ard went to Mr. Chaney’s house where he helped Mr. Chaney with his car. Mr. Ard | ¿testified that Mr. Chaney, left him in his apartment and told him he was going to find the woman. Mr. Chaney locked the door behind him, and told Mr. Ard that if anyone knocked at the door to yell through the door that he would be back in fifteen minutes.
According to Mr. Ard, the police officers did not knock before they burst into the *1029 apartment, and they seemed disappointed that they could not find the man who lived there. Mr. Ard told the officers that Mr. Chaney would return soon. Mr. Ard testified that one of the officers hit him when he was unable to give a phone number where Mr. Chaney could be reached.
Mr. Ard was charged with five violations arising from these events: (1) distribution of crack cocaine; (2) possession of more than 28 but less than 200 grams of cocaine; (8) possession with intent to distribute diazepam (valium); (4) possession with intent to distribute hydrocodone; and (5) being a convicted felon in possession of a firearm. After trial by jury on the first four counts, Mr. Ard was found guilty as charged on all but the fourth count, for which he was found guilty of the lesser included offense of simple possession of hydrocodone. He was sentenced to serve fifteen years at hard labor on the first charge. On the second charge, Mr. Ard was fined fifty thousand dollars and given fifteen years at hard labor without benefit of parole, probation, or suspension of sentence, with orders that he serve one year in parish prison if he failed to pay the fine. He was sentenced to serve five years at hard labor on each of the remaining charges, with all sentences to run concurrently.
Mr. Ard then pled guilty to the firearms charge, and was sentenced to five years at hard labor without benefit of parole, probation or suspension of sentence. |gHe was also fined fifteen hundred dollars or was to serve six months in the event of default. The court ordered this sentence to run concurrently with the others.
The State filed a multiple offender bill as to count two, possession of at least 28 but less than 200 grams of cocaine. Mr. Ard pled guilty to the bill and the court found him to be a second felony offender. The original sentence on count two was vacated, but Mr. Ard was again sentenced to fifteen years without benefit of parole, probation, or suspension of sentence, the same sentence imposed before. The State’s motion to correct an illegally lenient sentence was subsequently denied, and this appeal followed. Mr. Ard also appealed, challenging his convictions through three assigned errors.
MR. ARD’S ASSIGNMENTS OF ERROR
Assignment # 1
Mr. Ard contends that the evidence presented at trial was insufficient to convict him of possession with intent to distribute valium rather than simple possession. Relying on State v. Hearold, 603 So.2d 731 (La.1992), he argues that no evidence of intent to distribute was presented since it was not shown that thirty-four tablets was an amount inconsistent with personal use.
The standard of review for sufficiency of the evidence is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Nevertheless, the reviewing court may not disregard its duty to consider whether the evidence is constitutionally sufficient simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider thej&record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the' rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Id.
Because evidence of intent is generally circumstantial, the Supreme Court has indicated the factors to be considered in determining if intent to distribute has been shown: (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of the drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of the drug found in defendant’s possession was inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, *1030 indicating preparation for distribution. State v. House, 325 So.2d 222, 225 (La.1975). The intent to distribute can be established based solely on the amount found only if the quantity of the drug is so large that no other inference is possible. Id.; State v. Hearold, 603 So.2d at 735-36.
Mr. Ard’s reliance on Hearold is misplaced. In that case, the Supreme Court held that possession of one package containing one-eighth ounce of methamphetamine, unaccompanied by any drug paraphernalia, weapons or large amounts of cash, was insufficient to prove intent to distribute that drug. However, the evidence presented here included thirty-four tablets of valium, found in close proximity to a loaded handgun, more than eight hundred dollars in cash, and other paraphernalia used in drug sales. No prescription or prescription bottle for valium was found. Mr. Ard was shown to have sold cocaine through Mr. Young, who [7had informed Officer Perkins that he could sell him any type of drug he wanted. A reasonable trier of fact could have concluded irom this evidence that- Mr. Ard intended to distribute the valium found in the apartment. This assignment of error is without merit.
Assignment # 2
Mr. Ard next argues that the trial court erred in denying his motion for a mistrial when the prosecution referred in its closing argument to Mr. Ard’s previous burglary conviction. Although conceding that this conviction was first mentioned by his counsel, Mr. Ard contends that the State’s direct reference to inadmissible evidence of other crimes requires reversal of his convictions on all counts tried to the jury.
Article 770 of the Code of Criminal Procedure states that:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
[[Image here]]
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
[[Image here]]
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
At the time this case was tried, it was per se a substantial violation of a significant right to deny a defendant’s motion for mistrial if properly grounded under Article 770. State v. Green, 315 So.2d 763 (La.1975); see also State v. Nuccio, 454 So.2d 93, 102 (La.1984). However, while this appeal was pending, our Supreme Court handed down the opinion in State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, in which the per se rule was rejected as inconsistently Isapplied. Instead, as “a trial error, i.e., an error which occurs during the ease’s presentation to the trier of fact,” harmless error analysis now applies. Johnson at p. 15, 664 So.2d at 101. In making such a review, an appellate court must credit the good sense and fairmindedness of the jurors before reversing a conviction based upon improper remarks by the prosecutor. State v. Allen, 94-1895, p. 10 (La.App. 4th Cir. 9/15/95), 661 So.2d 1078, 1085, writs denied, 95-2475, 95-2557 (La.2/2/96), 666 So.2d 1087.
During his opening argument,[1] defense counsel asserted that Mr. Ard “is not a dope dealer. He’s a small-time—he’s been convicted for burglary. You are going to learn that.” When Mr. Ard took the stand, however, the State declined to cross-examine him, and the anticipated evidence of the earlier conviction was not presented. Nevertheless, in its rebuttal closing argument, the State reminded the jurors that defense counsel “told you in his opening statement that *1031 you would hear from Mr. Ard, that Mr. Ard has a prior conviction for burglary. Well, that wasn’t the first residence he utilized without permission. And this one probably won’t be the last.” Defense counsel made no objection to these comments until the jury had retired to deliberate the matter.
Taking the evidence and arguments as a whole, we conclude that the guilty verdicts in this case are not attributable to the alleged error. Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); State v. Bourque, 622 So.2d 198 (La.1993). The jury was properly instructed that the arguments of counsel did not constitute evidence, and that their verdict was to be based solely ■upon the evidence. Furthermore, even though the prosecutor’s remarks exceeded the scope |9of proper argument, they were not such as would inflame the jury. We find no merit in this assignment of error.
Assignment # 3
By this assignment of error, Mr. Ard objects to the imposition of additional jail time in lieu of payment of the fines assessed for counts two and five. He correctly asserts that appointment of a public defender is proof of his indigent status and that even when a fine is mandatory, the court cannot impose jail time in place of payment by an indigent. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Nelson, 531 So.2d 1171 (La.App. 4th Cir.1988). Because the sentence on count two is vacated, as discussed below, we amend only the sentence imposed on count five, deleting any reference to additional jail time for default in payment of the fine.
THE STATE’S ASSIGNMENT OF ERROR
The State contends that the trial court erred in sentencing Mr. Ard to fifteen years on count two when La.Rev.Stat. Ann. § 15:529.1 A(l)(a), the Habitual Offender Law, mandates a minimum sentence of thirty years at hard labor for a second conviction for possession of more than 28 but less than 200 grams of cocaine. The State acknowledges that State v. Dorthey, 623 So.2d 1276 (La.1993) allows a district court to sentence a multiple offender more leniently if the enhanced sentence is “constitutionally excessive,” but argues that the trial judge provided no legal justification in this case for the conclusion that thirty years would meet that standard. Mr. Ard counters that the trial court’s conclusion was justified on the facts noted at the sentencing hearing, and asks that the sentence be affirmed.
Loin Dorthey, the Supreme Court determined that a trial court has an obligation to refuse to impose a statutorily mandated sentence if it finds such sentence is constitutionally excessive as applied to a particular defendant. Quoting State v. Scott, 593 So.2d 704, 710 (La.App. 4th Cir.1991), the Court stated that a sentence is constitutionally excessive if it “ ‘makes no measurable contribution to acceptable goals of punishment’ or [if] the sentence amounted to nothing more than ‘the purposeful imposition of pain and suffering’ and is ‘grossly out of proportion to the severity of the crime.’ ” Dorthey at 1280.
Subsequently, in State v. Johnson, 96-1263 (La.6/28/96), 676 So.2d 552, the Supreme Court explained that a sentencing departure under Dorthey requires not only a factual showing of why the mandatory minimum would be constitutionally excessive, but a further justification for the amount of reduction in the sentence actually imposed. See also State v. Kelly, 95-2335 (La.2/2/96), 666 So.2d 1082.
In this case, the sentencing judge gave the following reasons for the sentence imposed here:
The Court is deviating from the mandatory minimum sentence of 30 years in this particular ease because I feel to impose a sentence of 30 years at hard labor, given the crime and given the background of this defendant, would be an unnecessarily cruel infliction of pain and suffering and would far exceed the crime for which he has been convicted by the jury in this particular case. Therefore, I deviate to impose a sentence of 15 years at hard labor as I have done so under the provisions of State of Louisiana v. Dorthey.
These reasons are insufficient justification for deviating from the statutory minimum sentence. As this Court has noted, “[i]t is *1032 insufficient for the trial court merely to reiterate the language of Dorthey,” even if accompanied by a reference to the defendant’s age, background, or the facts of the case. State v. Morgan, 96-0354, pp. 7-8 (La.App. 4th Cir. 4/17/96), 673 So.2d 256, 260 (collecting cases). | ^Therefore, the sentence is vacated and the case remanded for re-sentencing on count two.
CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE, THREE AND FOUR AFFIRMED; SENTENCE ON COUNT FIVE AMENDED; SENTENCE ON COUNT TWO VACATED AND REMANDED FOR RE-SENTENCING.

. Defendant's brief erroneously indicates his counsel referred to his prior conviction during voir dire.