Commonwealth *v.* Stauffer, Appellant.

114

Argued December 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*William W. Stainton,* with him *John W. Beyer,* and *Arnold, Bricker, Beyer & Barnes,* for appellant.

*Theodore A. Parker,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 20, 1969:

Linnie Pearl Stauffer was charged and convicted of involuntary manslaughter. The court sentenced her to the State Correctional Institution at Muncy for an indeterminate sentence in accordance with the Act of July 25, 1913, P. L. 1311, as amended, 61 P.S. §551 et seq.

Subsequent to the imposition of sentence, the Supreme Court of Pennsylvania held that the sentencing of women to Muncy under that Act violated the equal protection laws under the Fourteenth Amendment to the Constitution. *Commonwealth v. Daniel,* 430 Pa. 642, 650, 243 A. 2d 400 (1968). The court stated that, "We are convinced, . . . that the considerations and

factors . . . *do not govern* or justify the imposition of a longer or greater sentence of women than is imposed upon men for the commission of the same crime. In particular, we fail to discern any reasonable and justifiable difference or deterrents between men and women which would justify a man being *eligible* for a shorter maximum prison sentence than a woman for the commission of the same crime, especially if there is no material difference in their records and the relevant circumstances."

Subsequently, the legislature promulgated Act No. 171 on July 16, 1968, P. L.    , §1, 61 P.S. §566, altering the Muncy Act. Under the New Act, the court was permitted to sentence women to Muncy for a term not to exceed the maximum prescribed for the particular offense in question.

The lower court then resentenced appellant to Muncy for three years, which is the maximum sentence allowed for involuntary manslaughter. Act of June 24, 1939, P. L. 872, §703, 18 P.S. 4703.

This appeal concerns the validity of the sentencing of appellant to Muncy rather than to a local county prison.

The Act of March 31, 1860, P. L. 427, §75, as amended, 19 P.S. 891, provides in pertinent part: ". . . all persons sentenced to simple imprisonment for any period of time shall be confined in the county jail where the conviction shall take place."

This principle was recognized by our court in *Commonwealth ex rel. Monaghan v. Burke*, 169 Pa. Superior Ct. 256, 82 A. 2d 337 (1951), where the lower court had sentenced the defendant to a state penitentiary on a simple imprisonment case. We stated, at p. 262: ". . . It is incorrect under the second count of carrying firearms without a license because the imprisonment provided as punishment for such offense

is simple imprisonment which must, of course, be served in a county jail or workhouse and not in a state penitentiary. Com. ex rel. Holly v. Ashe, 166 Pa. Superior Ct. 599, 74 A. 2d 182; Com. v. Arbach, 113 Pa. Superior Ct. 137, 172 A. 311; Com. ex rel. Stuckey v. Burke, 165 Pa. Superior Ct. 637, 70 A. 2d 466. The District Attorney concedes that the sentence imposed on bill No. 773 is erroneous."

The policy underlying the requirement that simple imprisonment be served in a county jail is sound. Simple imprisonment is provided for less serious crimes which, in many cases, involve people who are rarely in trouble. It is neither in the best interests of these people nor fair to them to incarcerate them with confirmed, hardened criminals convicted of more serious crimes, who are generally found in state correctional institutions.

The legislature, by distinguishing the place of imprisonment for these lesser crimes, recognized that such people should not be subjected to imprisonment in the same institutions as individuals convicted of serious misdemeanors or felonies.

All parties are agreed that the sentence for involuntary manslaughter is punishable by simple imprisonment. Any man convicted of involuntary manslaughter would be sent to a county jail, not to a state penitentiary.

In the instant case, the appellant had been incarcerated in the Lancaster County Prison. After conviction, both she and her attorney implored the court to allow her to remain at the County Prison.[1] The lower

---

[1] Defendant's counsel stated at sentencing: "Mrs. Stauffer has made a good adjustment in the four months that she has been at the Lancaster County Prison. I have been informed by the guards out there, the officials, that they like her; that she likes them; that she has been working on some projects out there, using her skills on behalf of the prison. She would like very much to stay there because she has made this adjustment. . . ."

court, however, denied this request and sentenced her to the State Correctional Institution at Muncy.

The lower court, in justifying this decision stated: "In the opinion of this court, Muncy is not a state penitentiary, but is a place of confinement for women which would be the equivalent of a place of confinement for men in a county jail or workhouse."

The court, however, has erred in this regard. Muncy, both under the law and in actual practice, is a state penitentiary, not a county jail. Its title indicates that it is a State Correctional Institution. The women sentenced to Muncy, invariably, are those who have been convicted of the most serious crimes. It is, in fact, the one institution in the state which is designed to accept women convicted of such crimes.

The prejudice worked on women, as opposed to men, therefore, is apparent.

In summary, the Supreme Court in the *Daniel* case stated unequivocally, that women are entitled to equality of treatment with men. A sentence of simple imprisonment for men results in that man being insulated from the company of the hardened criminals. Women sentenced for such lesser crimes, however, are denied this protection and could, regardless of the nature of the crime, be incarcerated with criminals of the worst type. This result subverts the intention of the legislature that persons convicted of lesser crimes be sheltered and denies women so convicted of the equality of treatment to which they are entitled. This is contrary to the guarantees inherent in the Fourteenth Amendment.

This case is remanded to the lower court with direction that the sentence be altered and that defendant be returned to the Lancaster County Prison.