SANDERS, Chief Justice
(dissenting).
A state has broad authority under its police power to enact legislation to protect the health, safety, and welfare of its people. Quite clearly, therefore, a state has the authority to enact restrictive legislation pertaining to prostitution, long regarded as a threat to the health and safety of the general public. L’Hote v. New Orleans, 177 U.S. 587, 20 S.Ct. 788, 44 L.Ed. 899 (1899); State v. McCormick, 142 La. 580, 77 So. 288 (1917); 73 C.J.S. Prostitution § 2,p. 226; 16 Am.Jur.2d, Prostitution, § 262, p. 514.
The State’s authority to ban prostitution, however, is not at issue here. The issue is the constitutionality of a prostitution statute that places the heavy hand of the law upon women alone, while men who engage in the same conduct go free. The district court held that such a statute violated the Equal Protection Clause of the United States Constitution. I agree.
LSA-R.S. 14:82 provides:
‘‘Prostitution is the practice by a female of indiscriminate sexual intercourse with males for compensation.
“Whoever commits the crime of prostitution shall be fined not more than one hundred dollars, or imprisoned for not more than six months, or both.” (Italics ours).
Quite clearly, the criminal statute applies only to females. Louisiana is one of only five states which restricts its prostitution statute to the female sex.[1]
The defendant asserts that the statute is fatally defective, because it fails to penalize the male who pays for and receives the female’s sexual services. Secondly, the defendant asserts that the statute is defective, because it fails to penalize the male who engages in sexual intercourse for compensation. I find merit in the second attack.
In Louisiana, both men and women are penalized for soliciting for prostitutes,[2] pandering,[3] letting premises for prostitution,[4] and enticing minors into prostitution.[5] Men who indiscriminately sell their sexual services, however, are not penalized for prostitution.
The State argues that there is a reasonable basis for the sexual classification here, since historically the sexual services of women have been in greater demand. The sale of sexual services by men, it is as *914 serted, has not created a social problem warranting legislative attention.
Although the sale of sexual services by men may not be as extensive as the sale of such services by women, the practice does exist.[6] Hence, the absence of the practice cannot serve as a basis for the restricted classification.
As noted by the trial judge, the law against prostitution has a three-fold purpose: preventing the spread of venereal disease; shielding citizens from annoyance; and controlling related crimes, such as illicit drugs, gambling, and organized crime.[7]
Male prostitution, like female prostitution, contributes to the evils which the statute was designed to prevent. Hence, classification by sex bears no real relation to the objectives of the statute.
On the constitutional issue, I have found no controlling decision of the United States Supreme Court. Recent decisions, however, demonstrate that the Court will invariably subject a statutory classification based on sex to judicial scrutiny. Unless the diverse treatment of the male and female rests upon some “ground of difference having a fair and substantial relation to the object of the legislation,” the statutory classification is constitutionally defective. See Geduldig v. Aiello, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974); Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974); Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Reed v. Reed, 404 U. S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).
As noted in the majority opinion, state courts have upheld the constitutionality of the uni-sexual prostitution statutes in Wisconsin and Indiana. See State v. Mertes, 60 Wis.2d 414, 210 N.W.2d 741 (1973); Wilson v. State, Ind., 278 N.E.2d 569 (1972); cert. den. 408 U.S. 928, 92 S.Ct. 2494, 33 L.Ed.2d 341 (1972). These decisions, however, failed to take into account the vast changes in the social and legal status of women during the past decade. Nor did these decisions address themselves fully to the question of whether the sexual classification bore a substantial relationship to the legislative objective of the statute in question.
In other equal-protection cases, several courts have held statutes to be unconstitutional where such statutes provided for differential sentencing based upon the sex of the offender. See, e. g., Pennsylvania v. Stauffer, 214 Pa.Super. 113, 251 A.2d 718 (1969); Commonwealth v. Daniel, 430 Pa. 642, 243 A.2d 400 (1968); United States ex rel. Sumrell v. York, 288 F.Supp. 955 (U.S.D.Conn.1968).
In general, doctrinal writers support the view that prostitution statutes that criminalize women only are unconstitutional because of invidious sex discrimination. See, e. g., Rosenbleet and Pariente, The Prostitution of the Criminal Law, 11 Am.Crim. L.Rev. 373, 381-411 (1973); Kanowitz, Women and the Law: The Unfinished Revolution, p. 18 (1969); Brown, Emerson, Falk and Freedman, The Equal Rights Amendment: A Constitutional Basis for Equal Rights for Women, 80 Yale L.Journ. 871, 962-965 (1971); Eastwood, The Double Standard of Justice: Women’s Rights Under the Constitution, 5 Val.Un.L.Rev. 281, 315 (1971).
I am unable to discern any rational justification for subjecting a female to criminal process for offering her body indiscrimi *915 nately for compensation, while allowing a male the freedom to engage in similar conduct without criminal consequences. Such conduct by a female poses no greater threat to the health, safety, or welfare of the community than such conduct by a male.
A statute is presumed to be constitutional. Here, however, the statute provides dissimilar treatment for males and females who are in the same situation. It arbitrarily discriminates against females.
For the reasons assigned, I respectfully dissent.

. The other states are Alaska: Alaska Stat. § 11.40.210; Indiana: Burns’ Ind.Ann.Stat. § 10-4220, IC 1971, 35-30-1-1; North Dakota : N.D.Cent.Code § 12-22-15; and Wisconsin: Wis.Stat.Ann. § 944.30. The Alaska statute has been declared unconstitutional because of sex discrimination. See State v. Fields, 13 Cr.L.Rep. 2376 (1973). The prostitution statutes of the remaining 45 states apparently apply to both males and females. See Table, 11 Am.Crim.L.Rev. 422.

. LSA-R.S. 14:83.

. LSA-R.S. 14:84.

. LSA-R.S. 14:85.

. LSA-R.S. 14:86.

. It has been estimated that ten percent of this country’s prostitutes are men and that the number is increasing. Rosenbleet and Pariente, The Prostitution of the Criminal Law, 11 Am.Crim.L.Rev. 373, 396 (1973). See also George, Legal, Medical and Pyschiatric Considerations in the Control of Prostitution, 60 Mich.L.Rev. 717, 722-724 (1962). This estimate apparently includes both men who sell their bodies to women and those who sell their bodies to other men. No opinion is expressed as to the accuracy of this estimate.

.See Davis, Prostitution, Contemporary Social Problems (Merton 1961) pp. 262, 279-280.