James T. Cunningham, Petitioner *v.* Common-
wealth of Pennsylvania, Pennsylvania Board of
Probation and Parole et al., Respondents.

Argued February 4, 1982, before President Judge
CRUMLISH and Judges ROGERS and DOYLE, sitting as a
panel of three.

*Timothy P. Wile,* with him *Douglas M. Johnson,*
Chief, Appeals Division, and *Gwanita G. Hester,*
Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur
R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,*
General Counsel, and *LeRoy S. Zimmerman,* Attorney
General, for respondents.

OPINION BY JUDGE DOYLE, September 13, 1982:

James T. Cunningham (Petitioner) has filed a Peti-
tion for Review with this Court which seeks a recom-
putation by the Board of Probation and Parole (Board)

of the maximum term of a series of sentences imposed upon him in Philadelphia County on February 2, 1962. We will dismiss this appeal for being moot.

The facts in this case are not in dispute. On February 2, 1962, Petitioner was sentenced to (1) a term of from four to eight years for aggravated robbery, (2) a term of from five to ten years for aggravated robbery that was to be served consecutive to the four to eight year aggravated robbery charge, (3) a term of from five to ten years for aggravated robbery that was to be served concurrently with the prior terms, and (4) a term of from two to five years for possession of drugs that was to be served consecutive to the other terms. Pursuant to the provisions of Section 1 of the Act of June 25, 1937 (Act), P.L. 2093, *formerly* 19 P.S. §897, repealed by Section 2(a)[1202] of the Act of April 28, 1978, P.L. 202, the minimums and maximums of these sentences were added together to produce an aggregated term of from eleven to twenty-three years with a minimum term expiration date of April 7, 1972, and a maximum term expiration date of May 7, 1984. Petitioner was subsequently released on parole on April 19, 1972, was arrested and recommitted as a technical parole violator, and was reparoled on October 17, 1973. While on parole, Petitioner was convicted of charges of manufacturing and possessing a controlled substance, and was recommitted as a convicted parole violator. Being a convicted parole violator, Petitioner was not given credit for street time, and accordingly his maximum term expiration date was extended to May 28, 1986. Thereafter, on May 14, 1976, Petitioner was reparoled and was subsequently arrested for various drug related offenses. Petitioner's 1962 two to five year drug possession sentence was subsequently terminated, thereby reducing his maximum sentence expiration date to April 9, 1979, but on March 19, 1977, he was found

guilty of "Possession With Intent to Deliver," and was sentenced to a term of from five to ten years. As a result of this conviction, Petitioner was given a parole revocation hearing on August 11, 1977, and after evaluating the evidence adduced at this hearing, the Board decided *not to recommit Petitioner as a convicted parole violator*, but instead decided to continue him on constructive parole while he served his new sentence. Petitioner subsequently began to serve this new sentence on April 2, 1977, and while still in confinement his maximum expiration date on his 1962 convictions expired on April 9, 1979.

Before this Court, Petitioner argues that his due process and equal protection rights were violated by the aggregation of the maximum terms of the 1962 sentences pursuant to the provisions of Section 1 of the Act since if he had received his convictions in separate counties he could have applied for constructive parole upon the expiration of the minimum term of each sentence, and if such paroles would have been granted, could have had a shorter maximum expiration date.

While it is indeed true that individuals receiving multiple sentences in a single county could have received a different maximum term expiration date under the provisions of the Act from those individuals being sentenced for the same offenses in separate counties, *Commonwealth ex rel. Lycett v. Ashe*, 145 Pa. Superior Ct. 26, 20 A.2d 881 (1941), it is clear that the question of the constitutionality of this possible disparate treatment is entirely moot in this case. In the present case we do not have a situation where Petitioner has been recommitted as a parole violator, and hence, must serve the remaining portion of his maximum sentence before the commencement of his new five to ten year possession sentence. *See* Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L.

1401, 61 P.S. §331.21a. Instead, the record shows that he remained on constructive parole while he began to serve his new sentence, and accordingly, that the maximum term on his 1962 convictions expired on April 9, 1979. Therefore, even if we were to agree with Petitioner that the maximum expiration date on his 1962 sentences should have been shorter, such a finding would have no effect on the expiration date of Petitioner's current sentence, and hence, the present case is moot.

Accordingly, we will enter the following

## ORDER

Now, September 13, 1982, the petition for review filed by James T. Cunningham in the above captioned matter is dismissed as moot.

Judge Mancini did not participate in the decision in this case.