489 A.2d 809

**COMMONWEALTH of Pennsylvania**

v.

**Bruce WARD, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 4, 1984.

Filed Feb. 28, 1985.

2

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Frank J. Scutella, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before BROSKY, TAMILIA and ROBERTS, JJ.

TAMILIA, Judge:

■ This is an appeal taken from an Order of the trial court amending appellant's 8 to 16 months sentence to provide for service of the sentence in a state correctional facility rather than in the Erie County Jail.[1] This issue has not been reviewed recently by our appellate courts and the specific question of judicial power to amend a sentence to provide for a change of institution has not been addressed. The mootness issue is an important one as the appellate courts have consistently held that moot questions shall not be considered. *Sweeney v. Tucker*, 473 Pa. 493, 375 A.2d

---

1. As the sentencing transcript and the record indicate the sentence is 8–16 months, the lower court correctly stated the time to be 8–16 months in its Order amending the place where the sentence was to be served, although in its Opinion, sentence was erroneously stated to be 6–18 months.

698 (1977) (Roberts, J.).   However, when the question presented is capable of repetition or escaping judicial review, *Graziano Construction Company, Inc. v. Lee*, 298 Pa.Super. 311, 444 A.2d 1190 (1982); *Devlin v. Osser*, 434 Pa. 408, 254 A.2d 303 (1969); *Janet D. v. Carros*, 240 Pa.Super. 291, 362 A.2d 1060 (1976), the appellate courts will undertake such a review.   In a case very much on point, *Cunningham v. Commonwealth of Pennsylvania Board of Probation and Parole*, 69 Pa.Cmmwth. 25, 450 A.2d 270 (1982), the Commonwealth court held that an action challenging computation of a maximum expiration date on a petitioner's prior sentence was rendered moot by the fact that the maximum term on the prior conviction had expired while he began to serve a new sentence.   However, in considering the question of mootness in *Commonwealth v. Kelly*, 274 Pa.Super. 242, 418 A.2d 387 (1980), our Court held that when a defendant appeals his conviction after he has completed his sentence, the appeal is not moot when there is a possibility of collateral civil or criminal consequences as a result of the conviction.   *Commonwealth v. Rohde*, 485 Pa. 404, 402 A.2d 1025 (1979); *Commonwealth v. Sheehan*, 446 Pa. 35, 285 A.2d 465 (1971).   In this case, if the sentence in question under the law relating to the regulation of probation and parole decisions of the Board of Parole would require that the new sentence to be served at the State Correctional Institution would be secondary to service of the unexpired parole, then this question will not be moot as the expiration time of service on the present sentence will not occur until some time in 1988.

The appellant at No. 175 of 1977 was sentenced to serve an additional term of two years to four years at a state correctional institution to take effect October 21, 1983, just seventeen days after the appellant's transfer to the State Correctional Institution.   While this is alleged by the district attorney and would appear to render the issue in this case moot, we would take pause and note the effect of hearings by the Board of Parole on parole violations involving homicide charges on which the defendant has already

served five years of the five to ten year sentence of July 9, 1977. After his arrest on the assault charge in northeast Erie at No. 116 of 1983, which is the charge and sentence appealed from, a detainer was lodged against the defendant on the homicide parole violation. This detainer and parole violation adds a new dimension to the issue before us for the following reasons. It is provided at 61 P.S. § 331.21a Commission of crime during parole; other violations of terms of parole that:

... at the discretion of the board (a person found guilty of committing a crime), be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.... The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.

*If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:*

(1) *If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice, and the new sentence imposed upon him is to be served in any such State penal or correctional institution.* (emphasis added)

■ In this case, even had the defendant commenced his sentence at the State Correctional Institution pursuant to the Order of October 21, 1983 at No. 175 of 1977, upon recommitment by the Board of Parole, that sentence could not be served until the completion of the term invoked by the violation of parole. A parole violator convicted and sentenced to prison for another offense must serve his or her "back time" and the new sentence is to run consecutive (and not concurrent) to the time remaining on the original sentence. *Commonwealth v. Dorian,* 503 Pa. 116, 468

A.2d 1091 (1983). *Construing* 42 Pa. C.S.A. §§ 9701 et seq., 9761, 61 P.S. § 331.21a. The net effect, upon application of *Dorian* is that neither sentence to the State Correctional Facility, that at issue, 116 of 1983, or the sentence of October 21, 175 of 1977, could supersede the parole violation order, once the defendant was returned to Parole Board custody, that being accomplished upon his transfer to the State Correctional Facility or Diagnostic Center. Defendant, pursuant to the Parole Violation order, would be required to serve the "back time" as opposed to "front time", thus service of at least some part of the sentence of 116 of 1983, still remains to be served, and, therefore, this matter is not moot. Since on the record we are unaware of the actions of the Parole Board,[2] and that knowledge is critical to determine the issue of mootness, the question now remains whether this matter can be resolved aside from a finding of mootness.

The trial courts, at this particular time, are under extreme pressure concerning commitments to county institutions and since many jails are under federal court order to reduce population, resulting in release and transfer of thousands of inmates committed by the courts, some clarification of judicial power in this area would be useful. We take notice of media reports of release or transfer in the past year of 2065 prisoners from the Allegheny County Jail in compliance with a federal order placing a cap on the jail population.

Pursuant to 42 Pa.C.S.A. § 9762, *Sentencing proceedings; place of confinement*, sentences of less than 2 years may (under certain conditions) be served at a state facility, and 61 P.S. § 72, *Transfer to and from institutions, etc.*, authorizes and provides for the administrative transfers of persons confined in penal institutions. Additionally, 61 P.S. 75, *Effect of transfer on sentence, etc.*, provides that such transfers are not to effect the terms of sentence originally

---

2. In fact, a check with the parole board shows that their records indicate a revocation of parole and imposition of an additional 27 months on the parole violation.

imposed. While we recognize these statutory provisions do not apply in this instance, they do provide guidance for our analysis of the issue presented here. Also, we are aware that the legislature has imposed the sole responsibility for transfer of a prisoner from one state institution to another in the Department of Corrections, 71 P.S. § 303, *In Re Peiffer's Petition,* 193 Pa.Super. 476, 166 A.2d 325 (1960).

A convict has no constitutional or other inherent right to serve his imprisonment in any particular institution or type of institution. *Commonwealth ex rel. Radziewicz v. Burke,* 169 Pa.Super. 263, 82 A.2d 252 (1951). Appellant is now or will be serving the same sentence which was originally imposed although in a different place of confinement. This does not constitute an increase in punishment or sentence. *Commonwealth ex rel. Stranahan v. Banmiller,* 190 Pa.Super. 420, 154 A.2d 307 (1959). The change in place of confinement was made pursuant to and in compliance with due process, that is upon a petition and hearing and for cause shown. Also despite defendant's plea that penitentiary time as opposed to county jail time is an increase in punshiment, this is belied by his own statement under oath at sentencing, to wit:

> Your honor ... four and a half years was done in a bullpen environment, up here in [the] County Jail. That is hard time, I can tell you myself, so can other inmates. *One year is like five years in the joint,* (penitentiary) *its not easy time.* (sentencing transcript at p. 12.) (emphasis added)

Under Pa.R.Crim.P. 1410, *Motion to Modify Sentence,* such a motion must be filed within 10 days after imposition of sentence. Admittedly the District Attorney acted three months from time of sentence (June 30, 1983) filing its Motion to Correct Sentence on September 30, 1983. However, under the authority cited above, it is clear that a transfer from one institution to another, when it is not done for punitive purposes, is neither an increase in sentence nor a modification of sentence. A court has the inherent power to correct an illegal sentence, or obvious and patent mis-

takes in its orders at any time. *Commonwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287 n. 6 (1983); *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970); *also see* Comment to Pa.R.Crim.P. 1410. It is apparent the court was laboring under a misapprehension of fact as to the status of appellant in relation to the various sentences facing him. Here the court was unaware of any detainer and its effect on his sentence. The policy behind requiring that a person sentenced to simple imprisonment serve the sentence in a county jail and not a state penitentiary, recognizes that such a person, who is rarely in trouble, should not be subjected to imprisonment with persons guilty of serious misdemeanors or felonies. *Commonwealth v. Stauffer,* 214 Pa.Super. 113, 251 A.2d 718 (1969). To this we must add the emergent policy of accommodating county prisons primarily for the purpose of persons awaiting trial, and presumed to be innocent, as opposed to persons convicted of a crime. Because of overcrowding, prisoners, particularly in Philadelphia and Pittsburgh, are constantly subject to the possibility of movement to another institution and it is far better that the sentencing judge be involved in that process rather than the warden, acting under the rubber stamp of federal district court. Once it appeared that defendant was required to serve a number of years in a penitentiary as a parole violator, any rationale for retaining him in the local prison was obviated.[3] The total combined maximum sentence was far in excess of two years, and was in fact beyond the five year maximum that requires he be sentenced to the Bureau of Corrections under 42 Pa.C.S.A. § 9762.

Even should we have found the matter to be moot, under these circumstances, there would have been no prejudice to the appellant on the amendment of the sentence by the trial

**3.** The lower court Opinion details the following:

Appellant, as a convicted parole violator, was required to serve the balance of his term of five to ten years for voluntary man'slaughter imposed in 1977 at No. 879 of 1977. In addition to the presently contested sentence of 8–16 months at No. 116 of 1983, he was also sentenced at 472 of 1973 to serve 6 months (to 12 months) at a state correctional institution.

judge to have the appellant serve it in a state institution. The Order of October 4, 1983, transferring the appellant to a state institution, is affirmed.

Order affirmed.

BROSKY, J., concurs in the result.

ROBERTS, J., concurs with statement.

ROBERTS, Judge, concurring:

As Judge Tamilia's opinion makes clear, the appellant is not subjected to an increase in punishment by virtue of the order amending his sentence, which merely changes the place of confinement from the Erie County Jail to the state institution where he is currently serving an extended sentence. Appellant has in no way established his entitlement to any relief, and consequently I join the order of affirmance.