J-S64043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PATRICK ADAM HUEY | |
| Appellant | No. 514 MDA 2017 |

Appeal from the Judgment of Sentence February 6, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at No(s):
CP-40-CR-0004610-2015

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED OCTOBER 25, 2017**

Appellant, Patrick Adam Huey, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas. His attorney, Matthew P. Kelly, Esq. ("Counsel"), has filed an ***Anders***[1] petition for leave to withdraw. Counsel identifies the following issue on appeal: (1) whether the trial court abused its discretion in sentencing Appellant. We grant Counsel's petition to withdraw and affirm.

The trial court summarized the facts and procedural posture of this case as follows:

> This matter comes before the [c]ourt pursuant to [Appellant's] appeal from the judgment of sentence

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

entered in this matter on February 6, 2017. Post sentence motions were filed on February 13, 2017,[2] and denied on that same day. [Appellant] filed a notice of appeal on March 13, 2017. Thereafter the trial court ordered [Appellant] to file a statement pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(b). [Appellant] sought an extension of time to file his 1925(b) statement which was granted. New defense counsel was appointed and a 1925(b) statement was filed on May 26, 2017. The Commonwealth responded to [Appellant's] 1925(b), on June 7, 2017.

The following facts are derived from the record: [Appellant] was an inmate at the State Correctional Institute at Retreat. He had entered the cell of the victim, Benjamin Martinez, and struck him twice over the head with a sock full of batteries. Following the initial assault, he then stabbed the victim behind the ear with an ink pen and then left the victim's cell.

. . . On September 26, 2016 [Appellant] pled guilty [to] Simple Assault, graded as a misdemeanor of the second degree (M2). Thereafter on February 6, 2017, [Appellant] was sentenced as follows:

> On Criminal Information 4610 of 2015, Count 2, Simple [A]ssault, graded as a misdemeanor of the second degree (M2); offense gravity score three (3) and prior record score of a repeat felon (RFEL), [Appellant] was sentenced to a period of incarceration of not less than twelve (12) months nor more than twenty-four (24) months, followed by one (1) year probation.

Trial Ct. Op., 6/23/17, at 1-2.

---

[2] Appellant's post-sentence motion sought a one-day reduction of his minimum sentence and a two-day reduction of his maximum sentence in order to permit him to serve time in a county facility. Appellant raised no other issues.

Counsel identifies the following issue in the **Anders** brief: "Whether the trial court abused its discretion in sentencing appellant." **Anders** Brief at 1.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in [**Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009)]. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted).[3]

If counsel complies with these requirements, "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" ***Id.*** at 882 n.7 (citation omitted).

Instantly, Counsel provided a factual summary of the case with citations to the record. ***Anders*** Brief at 4. Counsel explained the relevant law, discussed why Appellant's claim is meritless, and noted that he found nothing in the record that could arguably support the appeal. ***Id.*** at 6-7. In conclusion, Counsel's ***Anders*** brief stated: "Therefore, upon review of case law, the Sentencing Code and the record above, undersigned counsel is of the opinion that the above issue has no merit and is wholly frivolous." ***Id.*** at 7.

Counsel also provided Appellant with a copy of the ***Anders*** brief and a letter advising Appellant of his rights.[4] Counsel's Mot. to Withdraw, 8/16/17.

---

[3] Our Supreme Court in ***Santiago*** "emphasized the difference between an ***Anders*** brief, which offers an issue for a court's consideration, but reflects counsel's candid assessment of the complete lack of merit in his client's case, and a merits brief, which implies that an issue is worthy of review and has some chance of succeeding." ***Santiago***, 978 A.2d at 359-60.

[4] We note that Counsel's petition misstated that should this Court grant the petition to withdraw, Appellant could then proceed *pro se* or with the assistance of privately retained counsel. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 511-512 (Pa. Super. 2016). However, in his letter to

In light of the foregoing, we hold Counsel has substantially complied with the requirements of **Santiago**. **See Orellana**, 86 A.3d at 879-80. Appellant has not filed a *pro se* or counseled brief. We now examine the record to determine whether the issue on appeal is wholly frivolous. **See id.** at 882 n.7.

In the **Anders** brief, "Appellant is alleging that in issuing said sentence, the trial court abused its discretion in refusing to issue a county sentence and to permit him to serve it at the Luzerne County Correctional Facility." **Anders** Brief at 6.

---

Appellant accompanying the **Anders** brief and petition to withdraw, Counsel correctly stated that Appellant was free to hire private counsel, or proceed *pro se* and file his own brief.

Moreover, we note that the scope of the issues preserved for appeal in this case is limited because there is no dispute that the trial had jurisdiction, Appellant's sentence was legal, and the sole issue raised in Appellant's post-sentence motion was whether Appellant was entitled to a county sentence. **See Commonwealth v. Stewart**, 867 A.2d 589, 591 (Pa. Super. 2005) ("A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence[; but] an appellant may challenge the discretionary aspects of sentence in these circumstances, so long as there is no plea agreement as to the terms of the sentence" (citations omitted)); **see also Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing" (citation omitted)); **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003) ("issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings" (citation omitted)).

Because Counsel's letter correctly apprised Appellant of his rights in this appeal and there is a single issue preserved for review, we will proceed to address the **Anders** brief.

Our review is governed by the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted).

In **Commonwealth v. Brown**, 982 A.2d 1017 (Pa. Super. 2009), this Court opined: "Because the plea agreement did not include a provision specifying the type of facility in which Petitioner would be held, that matter was implicitly left to the court's discretion and, as such, Petitioner has not waived the right to seek a discretionary appeal on that point." **Id.** at 1019-20. This Court noted:

> Defendants sentenced to maximum terms of less than two years are committed to county facilities while defendants with maximum terms of two years or more are normally housed in state facilities. **See** 42 Pa.C.S.A. § 9762.[5]

---

[5] Section 9762 provides, in pertinent part, as follows::

> **(b) Sentences or terms of incarceration imposed after a certain date.**──All persons sentenced three or more years after the effective date of this subsection to total or partial confinement shall be committed as follows:

> \* \* \*

Thus, there is usually a correlation between the length and location of a sentence. Nevertheless, a maximum term of two years or more but less than five years may, depending on the circumstances of the particular case, lead to incarceration in a county, rather than a state, prison. ***Id.***

***Id.*** at 1019 n.1.

[L]ittle if any guidance exists to aid the trial court in exercising its discretion with respect to determining the place for confinement under 42 Pa.C.S.A. § 9762(2). While a convicted individual has no constitutional or other inherent right to serve his imprisonment in any particular institution or type of institution, a court should consider the differences between the state and county prison environment in choosing to sentence an individual to a state rather than a county facility. In ***Commonwealth v. Ward***, [ ] 489 A.2d 809, 812 ([Pa. Super.] 1985), we recognized:

The policy behind requiring that a person sentenced to simple imprisonment serve the

---

(2) Maximum terms of two years or more but less than five years shall be committed to the Department of Corrections for confinement, except upon a finding of all of the following:

(i) The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.

(ii) The attorney for the Commonwealth has consented to the confinement of the person in the county prison.

(iii) The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.

42 Pa.C.S. § 9762(b)(2)(i)-(iii).

sentence in a county jail and not a state penitentiary recognizes that such a person, who is rarely in trouble, should not be subjected to imprisonment with persons guilty of serious misdemeanors or felonies.

*Stalnaker*, 545 A.2d [886, 889 (Pa. Super. 1988)] (citation omitted).

[T]he trial court's decision to commit [the a]ppellant to a state correctional institution rather than a county facility did not constitute an abuse of discretion. The sentencing proceedings reveals that the trial court thoroughly considered and balanced the factors enumerated in the Sentencing Code, as well as considered a pre-sentence report, in determining that a state correctional facility was the appropriate place for Appellant to serve his sentence.

*Fullin*, 892 A.2d at 852.

At sentencing, the court asked the Commonwealth if it had read Appellant's version of the incident. N.T., 2/6/17, at 5. The court stated Appellant's

version indicates that Bennie Martinez pushed up on me, talking trash and insinuated himself in my business as gang bangers try to do so often. Then I found out some ridiculous hit was put on my head for a reason I was never clear on. He was supposed to carry out the hit but someone tipped me off. And I went and saw the big, bad, tough gang banger first and did my best to bash his head in. After that didn't have the desired effect, I ended up stabbing him with a pen. Then I left and went about my business.

Then he goes on to discuss his—that he's not in a gang. He's clean cut compared to the person that he beat and then stabbed with a pen when it didn't have the desired effect. And that's his version.

\* \* \*

- 8 -

And then you have in your relevant comments that you're an angry person and that you have the tendency to go on the defensive or start to attack mode when cocky youngsters seem not to see me as a threat.

[Appellant:] Yeah, it's been like that all my life, though. It's like people try to do ill things toward me because I don't know what it is they see when they look at me. It's just—it's like—it's hard to explain. It's like a moth being drawn to a flame. It's like people seem to want to start trouble with me all the time. I don't know why that is but it's just how it's been most of my life. I don't know if they see me as some kind of a passive person or I don't have no idea.

The Court: And what was the sentence that you were serving? Was it the assault by prisoner in 2000—when you pled guilty in '09 and were sentenced to 40 to 80 months?

[Appellant:] That's correct. Guy threatened me in the county jail and we got into it. It was Carbon County.

The Court: So people just tend to threaten you?

[Appellant:] Not really. Not all the time. It's just that, like, if they see they can get away with something with me they'll become more aggressive and more aggressive until it's like they want to fight me for apparently no reason at all. It's just hard to explain.

\* \* \*

The Court: . . . His last assault of a prisoner landed him a 40 to 80 month sentence because it was a felony. . . .

*Id.* at 6, 8-10. Prior to imposing sentence, the court stated: "I've accepted your guilty plea in this matter as knowingly and voluntarily entered. I reviewed the presentence investigation, noting the position of the Commonwealth, the arguments of defense counsel and the statements of [Appellant]." *Id.* at 9-10.

- 9 -

The trial court opined:

> Here, the Sentencing Court has clearly and expressly complied with the requirements of 42 Pa.C.S. § 9721(b) by imposing a sentence ["]that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." ***Id.*** . . . .
>
> The complaint makes no claim that his sentence was excessive, but funnels down to [Appellant's] wish to serve his sentence in the Luzerne County Correctional Facility instead of a state facility. Accordingly, no meritorious issues for appeal exist with regard to [Appellant's] alleged matters complained of on appeal.

Trial Ct. Op. at 6. We discern no abuse of discretion in the trial court's decision to commit Appellant to a state correctional institution and agree with Counsel that this claim is frivolous. ***See Fullin***, 892 A.2d at 852.

Our independent review of the record reveals no other issues of arguable merit. ***See Orellana***, 86 A.3d at 882 n.7. Accordingly, we grant counsel's petition for leave to withdraw and affirm the judgment of sentence.

Counsel's petition for leave to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017