J-S36043-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY RICHARD HORNING JR., | : | |
| | : | |
| Appellant | : | No. 709 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 8, 2021
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001902-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY RICHARD HORNING JR., | : | |
| | : | |
| Appellant | : | No. 710 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 8, 2021
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002714-2019

BEFORE: LAZARUS, J., KING, J., AND COLINS, J.*:

MEMORANDUM BY COLINS, J.:                **FILED JANUARY 11, 2022**

Appellant, Gary Richard Horning, Jr., appeals from the judgments of

sentence entered on March 8, 2021, imposed upon revocation of his parole.

With this appeal, Appellant's counsel has filed an application to withdraw as

*Retired Senior Judge assigned to the Superior Court.

counsel and an ***Anders*** brief.[1, 2]    Upon review, we affirm Appellant's

judgments of sentence and grant counsel's application to withdraw.

The trial court set forth the factual procedural history as follows:

Appellant entered guilty pleas in two separate incidents.  [At docket] 1902-2019, Appellant pled guilty to prohibitive offensive weapon[1] and resisting arrest[2] which involved his possession of an electronic incapacitation device which was discovered after the police responded to a domestic incident involving his ex-girlfriend at a local delicatessen. [At docket] 2714-2019, he pled guilty to resisting arrest in a second incident at the same delicatessen which occurred less than two months later. On both occasions, alcohol was a factor in Appellant's behavior.

_____
[1] 18 Pa.C.S. § 908.

[2] 18 Pa.C.S. § 5104.

On August 9, 2019, Appellant received sentences in both cases of not less than four months nor more than 23 months in Lehigh County Jail. He was also ordered to undergo drug and alcohol testing and enroll in an alcohol treatment program…. Each sentence was ordered to run concurrently with each other. He was paroled effective December 16, 2019.

On October 18, 2020, ten months later, Appellant was charged with offenses including strangulation, terroristic threats, unlawful restraint, and simple assault.[5] These offenses, which involved domestic violence, resulted in a guilty plea to strangulation and a sentence of not less than one year nor more than two years in a state correctional institution.

_____
[5] ***See*** Lehigh County No. CR-3319-2020.

_____

[1] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2] On May 13, 2021, this Court consolidated the appeals *sua sponte*.

A parole violation detainer was filed after Appellant's arrest, and a parole violation hearing was held after his conviction on the strangulation charge. The parole violation also included failing to report for drug testing seventeen times, testing positive for methamphetamine, and being unsuccessfully discharged from treatment. Appellant conceded that he violated the conditions of his parole, and he was remanded to serve the balance of his sentences. The original charges were ordered to run concurrently with each other, but consecutively to the new conviction. He was also ordered to serve his sentence in a state correctional institution, which was the same placement as his sentence for the strangulation offense.

Trial Court Opinion, 5/17/21, at 1-3 (party designation altered; duplicate numbers and some footnotes omitted). On April 5, 2021, the trial court denied Appellant's post-sentence motions.[3] This timely filed appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

In this Court, counsel filed an **Anders** brief and application to withdraw as counsel in this appeal. In his **Anders** brief, counsel identifies the following issues:

A. Whether the lower court abused its sentencing discretion when, after the defendant admitted to violating his parole sentence through the commission of a new offense, and the court sentenced him to a term of imprisonment in a state correctional institution for each case and ran them consecutive to the new sentence?

---

[3] An identical motion was filed at each docket.

[4] At Docket 1902-2019, a concise statement of errors or statement in lieu of a concise statement indicating counsel intended to file an **Anders** brief does not appear in the certified record transmitted to this Court. **See** Pa.R.A.P. 1925(b), (c)(4). However, the trial court opinion, which addressed both appeals, indicated that Appellant had timely filed a concise statement and raised the same issue on appeal in both cases. **See** Trial Court Opinion, 5/17/21, at 3.

B. May appointed counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the ***Ander's*** [*sic*] case?

***Anders*** Brief at 4 (suggested answers omitted).

Before this Court can consider the merits of these appeals, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. ***Commonwealth v. Dempster***, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient ***Anders*** brief; and (3) provide a copy of the ***Anders*** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 183 (Pa. Super. 2016); ***Goodwin***, 928 A.2d at 290. An ***Anders*** brief must comply with all of the following requirements:

> [T]he ***Anders*** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009); ***see also***

***Dempster***, 187 A.3d at 270; ***Commonwealth v. Zeigler***, 112 A.3d 656, 660 (Pa. Super. 2015). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record and render an independent judgment as to whether the appeal is wholly frivolous. ***Dempster***, 187 A.3d at 271; ***Zeigler***, 112 A.3d at 660.

In his application to withdraw, counsel states that he has made a conscientious examination of the record and determined that there are no non-frivolous grounds for the appeal. Counsel provided copies of the ***Anders*** brief and application to withdraw to Appellant and sent a letter to Appellant advising him of his right to retain new counsel or proceed *pro se* on appeal to raise any points he deemed worthy of the court's attention. Counsel's ***Anders*** brief provides a procedural and factual summary of the case and cites and discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf. Thus, we conclude counsel has filed a sufficient ***Anders*** brief and adequately complied with the procedural requirements for withdrawal as counsel in this appeal.

We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous. This Court first considers the issues raised by counsel in the ***Anders*** brief and determines whether they are in fact frivolous. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa.

Super. 2018) (*en banc*); ***Dempster***, 187 A.3d at 272. In addition, if the Court finds all of those issues frivolous, this Court conducts an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. ***Yorgey***, 188 A.3d at 1197; ***Dempster***, 187 A.3d at 271-72.

The issue identified in the ***Anders*** brief challenges the trial court's sentence as an abuse of discretion when it ordered Appellant to serve his original sentences in a state correctional facility consecutive to his newly imposed sentence. ***Anders*** Brief at 4, 7, 12, 14-15. Specifically, Appellant contends that "his need for rehabilitation and treatment would be better served by permitting him to finish any term of incarceration in a county facility which would allow for treatment and, possibly, work release." ***Id.*** at 7.

We agree with counsel that this issue is frivolous. Where parole is revoked, the court is limited to recommitting the defendant to serve his existing sentence and does not have the authority to impose a new penalty. ***Commonwealth v. Kalichak***, 943 A.2d 285, 290 (Pa. Super. 2008); ***Commonwealth v. Galletta***, 864 A.2d 532, 538 (Pa. Super. 2004). The only question in such a case is whether the court erred in revoking parole and recommitting the defendant to confinement. ***Kalichak***, 943 A.2d at 291; ***Galletta***, 864 A.2d at 539. Thus, "an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence." ***Kalichak***, 943 A.2d at 291. Conviction of another crime committed while on parole is a sufficient basis for revoking parole and recommitting the defendant to serve the

remainder of his term of imprisonment. *Id*. Further, a parole violation sentence must be served consecutively to the recommitment of the defendant. 61 Pa.C.S. § 6138(a)(5).[5] *Accord Commonwealth v. Ward*, 489 A.2d 809, 811 (Pa. Super. 1985) ("A parole violator convicted and sentenced to prison for another offense must serve his or her 'back time' and the new sentence is to run consecutive (and not concurrent) to the time remaining on the original sentence.").

No error in revoking parole and recommitting Appellant to confinement can be shown here. The record at the hearing established that Appellant conceded to violating several conditions of his parole and was convicted of new offenses at docket 3319-2020, which he committed while on parole in the two instant cases. N.T, 3/8/21 at 4-7. The court merely recommitted

---

[5]

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> >
> > (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
> >
> > (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5)(i)-(iii).

Appellant to serve the balance of his existing sentences. *Id.* at 9; Amended Order, 3/9/21.

While appeal of a parole revocation is not an appeal of the discretionary aspects of sentence, even if Appellant could assert such a challenge, it would be frivolous. A challenge to the discretionary aspects of a sentence is not appealable as of right. *Dempster*, 187 A.3d at 272; *Commonwealth v. Radecki*, 180 A.3d 441, 467 (Pa. Super. 2018). Rather, an appeal from the discretionary aspects of a sentence is permitted only if this Court determines that there is a substantial question that the sentence was not appropriate under the Sentencing Code. *Radecki*, 180 A.3d at 467-48; *Zeigler*, 112 A.3d at 661.

The fact that the court ordered Appellant's recommitment be served in a state correctional facility consecutive to his new sentence at docket 3319-2020 does not raise a substantial question as to the appropriateness of the sentence and thus would not be reviewable by this Court. *See Radecki*, 180 A.3d at 468-70; *see Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) ("A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question."); *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) (stating that a claim that the sentencing court failed to consider appropriately the defendant's rehabilitative needs does not raise a substantial question); *Commonwealth v. Brown*, 982 A.2d 1017, 1020 (Pa. Super. 2009) (holding

that a claim that state incarceration was unreasonable because Brown committed a non-violent offense and was not confrontational during court proceedings did not present a substantial question).

Based on the foregoing, we agree with counsel that the issue raised by Appellant is wholly frivolous. In addition, we have reviewed the certified record and have discovered no additional non-frivolous issues. Therefore, we grant counsel's application to withdraw and affirm the judgments of sentence.

Judgments of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2022