J-S19024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RAYMOND MCCANDLESS :
:
Appellant : No. 222 EDA 2025

Appeal from the Order Entered January 2, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006195-2021

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED JULY 30, 2025**

Raymond McCandless ("McCandless") appeals pro se from the order
entered by the Berks County Court of Common Pleas ("trial court") denying
his petition for habeas corpus. We affirm.

On January 24, 2022, McCandless pled guilty to retail theft and
possession of drug paraphernalia. That same day, the trial court sentenced
McCandless to one to four years in prison for his retail theft conviction with no
further penalty for his drug paraphernalia conviction. The trial court gave him
credit for time served from December 1, 2021 to his sentencing date. As a
result of the plea, McCandless acknowledged he would be found to be in
violation of his state parole for a previous offense, and his parole was set to
expire on February 2, 2025. McCandless did not file a direct appeal or a
petition for post-conviction collateral relief.

In September 2024, McCandless filed a petition for habeas corpus relief alleging that the sentence in this case was entered without specifying whether it would run consecutively or concurrently to another sentence, or specifying the start date of the sentence. The trial court denied the petition,[1] and the instant timely appeal followed.

McCandless presents the following issue for our review: "whether the trial court abused its discretion in dismissing [McCandless'] habeas petition seeking clarification of the effective date of his sentence without the requested clarification." McCandless' Brief at 3.

"A writ of habeas corpus lies to the trial court for clarification and/or correction of the sentence imposed." *Commonwealth v. Perry*, 563 A.2d 511, 513 (Pa. Super. 1989); *see also Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014) (where the "alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of habeas corpus ad subjiciendum lies to the trial court for clarification and/or correction of the sentence imposed") (citation omitted). "An appellate court will review a grant or denial of a petition for writ of habeas corpus for abuse of discretion, but for questions of law, our standard of review is de

---

[1] The trial court noted that in his petition, McCandless failed to articulate what other sentence he was referring to that would run consecutively or concurrently with the sentence imposed in the underlying case. *See* Trial Court Opinion, 3/14/2025, at 2, 4 (unnumbered). Nonetheless, the trial court searched the record and found that the other sentence McCandless was referring to was the sentence imposed for violating his parole referenced at his plea hearing. *Id.* at 4.

novo, and our scope of review is plenary." ***Commonwealth v. Castaneira***, 328 A.3d 1028, 1030 (Pa. Super. 2024) (citation omitted).

McCandless argues that the trial court failed to specify the start date of his sentence. McCandless' Brief at 7. He claims that the trial court also failed to specify whether the sentence "is to run current or consecutive." ***Id.*** at 8. McCandless alleges that the expiration of the maximum term of sentence will occur December 1, 2025, but the sentence has not yet commenced. ***Id.***

Judges are required to state the date at which the sentence will begin and whether it will run concurrently or consecutively to another sentence. Pa.R.Crim.P. 705(a), (b). Additionally, the Parole Act mandates, in relevant part:

> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) if a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institute.

61 Pa.C.S. § 6138(a)(5)(i). "In other words, where a state parolee gets a new state sentence, he must serve his back[ ]time first before commencement of the new state sentence." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016). "Imposition of a new state sentence concurrent with parolee's back[ ]time on the original state sentence is an illegal sentence under this statute." ***Id.*** at 1013-14; ***see also Commonwealth v. Ward***, 489 A.2d 809, 811 (Pa. Super. 1985) (stating "[a] parole violator convicted

and sentenced to prison for another offense must serve his or her 'back time' and the new sentence is to run consecutive (and not concurrent) to the time remaining on the original sentence").

The trial court rejected McCandless' claim, finding the following:

[McCandless] is required by law to serve [the trial c]ourt's sentence after the sentence he received and serves for his parole violation. The sentencing order affirms the [trial c]ourt's oral pronouncements that [McCandless] shall receive credit of fifty-four (54) days, running from December 1, 2021 to January 24, 2022. Other than those 54 days of time credit for which the [trial c]ourt was led to believe [McCandless] was not receiving credit against his parole violation [s]entence, the remainder would run consecutive as mandated by the Parole Act[,] which dictates that for any new state sentence received by a state parolee, the parolee must serve his parole violation sentence first before commencement of the new state sentence. To impose an otherwise current sentence concurrent with his parole violation sentence would be illegal.

As required by Rule 705[,] [the trial c]ourt acknowledged this fact on the record, that no matter what sentence is imposed on [McCandless], there will be a sentence imposed for [McCandless'] parole violation that he needs to serve first. Furthermore, … in [McCandless'] guilty plea colloquy …, he acknowledge[d] that any additional sentences imposed for his violation of parole must run consecutive to the sentence imposed in the current matter. As such, [the trial c]ourt did not err in dismissing [McCandless'] petition for habeas corpus relief[,] as there is no indication that the January 24, 2022 sentencing order was incompatible with the record or black letter law, nor was it ambiguous or unclear as to the sentence imposed.

Trial Court Opinion, 3/14/2025, at 5 (unnumbered) (citations omitted).

The record fully supports the trial court's statements and legal conclusions. The record reflects that during his guilty plea colloquy, McCandless acknowledged he was on parole at the time he committed the

crimes in the instant case, that his conviction for committing the new crimes constituted a violation of his parole, and that he could be sentenced to prison as a result of that violation. Written Plea Colloquy, 1/24/2025, at 7; *see also* N.T., 1/24/2025, at 16-17 (acknowledging he is on state parole and his release date was February 2, 2025, and he was "waiting to go back up state now"), 19 (stating that he was "going to serve [his] expired max of February 2nd, 2025"). McCandless further acknowledged that "any sentence imposed as a result of that state parole violation must be served consecutively to any sentence imposed in the current case." Written Plea Colloquy, 1/24/2025, at 7. At sentencing, McCandless' attorney confirmed on the record that McCandless' sentence must run consecutively to the parole violation sentence, which the trial court acknowledged. N.T., 1/24/2025, at 17. We therefore find no abuse of discretion in the trial court's denial of McCandless' habeas corpus petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/30/2025